RICHARD COLE

*v.*

CALVIN M. FAVORITE.

1. CONTRACT TO INSURE GOODS IN STORE—*party so agreeing not responsible that no recovery is had.* Where a warehouseman agreed to have a lot of barrels stored with him insured in responsible insurance companies, which he did in his name to their full value, and, on a loss by fire, prosecuted the company in good faith on the policy, but was defeated on the ground that he had given a receipt to the owner, at his request; that he had received the same to be held up to a day anterior to the loss, it was *held*, that the warehouseman was not liable to the owner on the ground that he failed to recover of the insurance company, he having complied with his contract.

2. JUDGMENT—*binds privies in interest.* Where a party, whose goods were insured in the name of another, with whom they were stored, after a loss, agreed with the party insuring, that suit should be brought in his name for the use of the owner, which was done, and prosecuted in good faith, but on a trial the action was defeated without fault of the nominal plaintiff, it was *held*, that the owner of the goods, being a privy in interest, was concluded by the judgment, and could not re-litigate the matter in a suit against the party who had made the insurance, for an alleged breach of his agreement to insure.

3. Where a suit is brought in the name of a party for the benefit of another who directed and advised the same, the latter, though not a formal party to the record, is a privy in interest, and will be concluded by the judgment.

APPEAL from the Superior Court of Cook county.

Messrs. CLENDENNING & WILLETT, for the appellant.

Mr. T. A. MORAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit. brought by Richard Cole, appellant, in the Superior Court of Cook county, against Calvin M. Favorite, to recover the value of 1190 barrels, which were stored in the warehouse of appellee.

The declaration contains a number of special counts and the common counts. The substance of the special counts is, that appellee received the barrels in store, and agreed to have them insured in responsible insurance companies against loss by fire, which he neglected and failed to do, and the barrels were destroyed by fire.

It appears from the evidence, as shown by the record, that, in April, 1865, appellant stored with Favorite & Son, 2390 barrels and 500 tierces, under an agreement that Favorite should hold them and have them insured in responsible insurance companies, until November 1, 1865. Appellant agreed to pay five cents per package storage, for such as Favorite should not, during the season, purchase from him, and to pay Favorite whatever sum he should pay for insurance. Favorite covered everything in his packing house, including appellant's barrels, with insurance to the full value of the property, in responsible companies, using the usual warehouseman's clause, or what is termed the "Blanket Policy."

On the first day of July, after the barrels were stored, appellant, desiring to raise money on the barrels, applied to Favorite for a receipt to take to his banker, to deposit as security for a loan until September 1, 1865. At appellant's request, Favorite made and delivered him a receipt, which reads as follows:

"CHICAGO, *July* 1, 1865.

Received of Richard Cole one thousand one hundred and ninety barrels, to be held until September 1, 1865, subject to storage and insurance.

FAVORITE & SON."

This receipt appellant deposited with one Keen, to hold as security for his note due on the 1st of September, 1865. The

note was not paid at maturity, but extended sixty days. On the 19th of October, 1865, Favorite's warehouse, with its contents, was destroyed by fire.

On the 19th day of January, 1866, appellant and Favorite made a written agreement, by which it was agreed that suits should be commenced against the insurance companies in the name of Favorite, on the policies, to recover for the property of appellant destroyed by the fire, as well as $2000 worth of coal destroyed in the warehouse, belonging to Favorite. It was stipulated in the contract that, in the event that the suits resulted in favor of the plaintiff for the barrels and the coal, then appellant and Favorite should each pay one-half of the expense of the suits. If no recovery was had for either, or if a recovery was only had for the coal, then Favorite was to pay all the expense. If the value of the barrels only was recovered, then appellant was to pay all the expense. In pursuance of this agreement, suits were commenced against the insurance companies. Some were settled, others litigated. The Home Insurance Company changed the venue from the State to the United States Circuit Court, at Chicago. On the trial in that court, the insurance company offered in evidence the receipt of date July 1st, 1865, and no recovery was had for the 1190 barrels therein named, for the reason that no new agreement to store and insure was proven between appellant and Favorite as to these goods after September 1st, 1865.

It is not claimed by appellant that appellee was guilty of any negligence or improper conduct in the management of the property which was stored, or that the loss was occasioned by any want of care or skill of appellee. The suit seems to be based solely on the ground that appellee contracted with appellant to have the property insured, and failed to do so, and, for a breach of the contract in that regard, appellant has a right of recovery in an action of assumpsit.

There is no dispute between appellant and appellee in regard to the terms of the original agreement. Both agree that Favorite did not become an insurer of the barrels. His

agreement was, to have them insured in responsible insurance companies. For this he was to receive no pay or reward.

On the trial of the cause in the Superior Court, appellee proved that he did insure the property of appellant for its full value in responsible companies. This is all that the contract proven and relied upon by appellant required, and was a complete answer to the case made by the declaration and the proof on trial. It was no part of appellee's agreement that a recovery should be had of the companies on the policies. He agreed to insure in responsible companies. This would imply that a valid contract of insurance should be made. It was determined by this court that the contracts of insurance, as originally made, were valid and binding. *Home Ins. Co.* v. *Favorite,* 46 Ill. 263; *Phœnix Ins. Co.* v. *Same,* 49 Ill. 259.

But, independent of this question, appellant had no right of recovery. After the barrels were destroyed by fire, in view of the fact that appellee had complied with his contract, appellant agreed in writing that suits should be prosecuted against the insurance companies to recover for his lost property, and agreed to pay one-half of the expenses of the suits. Appellee, in good faith, and for the benefit of appellant, and to recover for his lost barrels, employed able counsel, and, in his own name, prosecuted the insurance companies with diligence, and his efforts were being crowned with success, until he was confronted with the warehouse receipt which had been given at the request and for the benefit of appellant, which, upon its face, showed, as to those 1190 barrels, the contract between appellee and appellant for insurance only continued until September 1st, 1865. On account of this receipt, no recovery was had for the barrels therein named.

On whom should this loss fall? Obviously, as between appellant and appellee, appellant, being alone responsible for it, justice would require that he should bear the loss.

Whether the suit in the Federal court was decided correctly or not, can make no difference in the result of this case. The

suit in the Federal court, although in the name of appellee, was prosecuted at the request of and for the benefit of appellant. He advised and directed it, was a witness therein, and while he was not formally a party to the record, he was a party in interest, and must be regarded a privy. In that suit, it was adjudicated and determined that the receipt was a contract, and by its terms and conditions appellee was not liable to appellant to insure the barrels therein named after the 1st of September, 1865. In this suit appellant is attempting to readjudicate the same question. That can not be done. The merits of this question have been previously tried, and parties and privies must be concluded. *Gray et al.* v. *Gillilan et al.* 15 Ill. 453; *Vanlandingham* v. *Ryan*, 17 Ill. 25.

It is insisted by appellant that the court erred in giving instructions for appellee, and in refusing certain of his instructions and modifying others.

The view we have taken of the case renders it unnecessary to enter upon a critical examination of the instructions. We are of opinion the law was substantially given to the jury, and we are fully satisfied that the verdict of the jury was correct.

The judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*