PRENTISS D. CHENEY

*v.*

JAMES W. PATTON *et al.*

*Filed at Springfield November 1, 1890.*

1. PLEAS IN CHANCERY—*of the strictness required.* The same strictness and exactness are required in pleas in a suit in equity that are required in pleas in actions at law,—if not in matters of form, at least in matters of substance.

2. SAME—*general requisites.* A plea in chancery should clearly and distinctly aver all the facts necessary to render it a complete equitable defense to the case made by the bill, so far as the plea extends.

3. Where the allegations of the plea, being taken as true, do not, so far as it purports to go, make out a full and complete defense, or when the necessary facts are to be gathered by inference alone, the plea will not be sustained. It must be specific and distinct, and must be perfect in itself, so that, if true, it will make an end of the case, or of that part of the case to which it applies.

4. SAME—*sufficiency of plea of a former decree in another suit.* On bill by the mortgagee to foreclose, a plea of a decree in bar in a prior suit on the same notes and mortgage dismissing the bill brought by one claiming to be the assignee of the mortgage debt, is deficient in matter of substance if it fails to show that the prior suit was prosecuted at the mortgagee's instance, or with his knowledge and consent, and in his interest or for his benefit, or that there is, or ever has been, a privity in respect to the notes and mortgage between the several complainants in the two suits.

5. FORECLOSURE—*junior mortgagee not a party—of his rights after decree under prior mortgage.* Unless the holder of a junior mortgage is made a party to a suit to foreclose a senior mortgage, the decree of foreclosure therein will not bar his rights or his equity of redemption.

6. FORMER ADJUDICATION—*upon whom binding—as to one not a party to the suit.* Where a suit in chancery is prosecuted by one at the instance of another, who is the real party in interest, and for his benefit, then the adjudication will be binding and conclusive upon the latter, not only as to what was determined in the suit, but also in respect of all other matters properly involved, and which might have been presented and determined.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

On August 10, 1885, Prentiss D. Cheney, the plaintiff in error, filed in the Sangamon circuit court a bill to foreclose two mortgages made to him on seventy acres of land in Sangamon county, and on the north-east quarter of section 5, in township 12, north, range 6, west of the third principal meridian, in the county of Macoupin, that were executed in 1877 by Andrew Rauch and wife, for the purpose of securing certain promissory notes made by said Rauch, and payable to said Cheney. Said Rauch and wife, and James W. Patton and wife, and others, were made parties defendant to this bill. The defendants James W. Patton and wife answered the bill, and also filed a plea. The plea was interposed only to so much and such part of the bill as sought the foreclosure of the mortgages as to the said north-east quarter of section 5.

The allegations of the plea, so far as it is necessary here to recite them, were in substance as follows: "That on the 24th day of May, A. D. 1880, one Henry J. Smith, as assignee and holder of the notes and mortgages in complainant's bill mentioned, from the complainant, exhibited his bill of complaint in the circuit court in the county of Macoupin, State of Illinois, against the defendants herein, for the foreclosure of said mortgages in satisfaction of said promissory notes, thereby stating that each and all of said notes, with the said mortgages, had been duly assigned and transferred to him, the said Henry J. Smith, by the said complainant, Prentiss D. Cheney, before the maturity of said notes, for a valuable consideration, and the same were then held and owned by him, the said Smith; * * * that on the 22d day of September, A. D. 1880, said bill of complaint of the said Henry J. Smith was amended, by leave of court, setting up that at the time of the execution of said notes and mortgages the above described premises were subject to a prior mortgage to one O. B. Heaton, then deceased, which had been foreclosed, and that the premises aforesaid had been sold under said foreclosure decree, and that this defendant, James W. Patton, as judgment creditor

of said Andrew Rauch, had redeemed the same from said sale, and that this defendant, James W. Patton, held a deed to said premises for the amount paid by him to redeem the same, as aforesaid, no more than the amount of such redemption money having been bid therefor at his sale under such redemption, and praying that he, the said Smith, might be permitted to redeem said premises from the sale or sales made in pursuance of said decree of foreclosure, and that the said deed from the sheriff of Macoupin county, aforesaid, for said premises, might be for naught held, and that said mortgages be foreclosed,—to which bill as amended, filed as aforesaid by the said Henry J. Smith, in the said circuit court of the county of Macoupin, State of Illinois, this defendant, James W. Patton, on the 4th day of October, A. D. 1880, put in his answer, denying that said notes and mortgages were in good faith, for a valuable consideration, assigned and transferred by the complainant herein to the said Henry J. Smith, as alleged in the said bill of complaint of said Smith, and stating that this defendant, James W. Patton, was the owner in fee simple of the above described premises, that he held his title thereto free of and discharged from all liens that may have existed by virtue of said mortgages, and that he derived his title thereto in the following manner, to-wit: On the 31st day of October, A. D. 1870, the said Andrew Rauch, and his wife, Margaret E., executed to one Orange B. Heaton a mortgage on said premises, to secure a note for $3000, due two years from that date; that on the 24th of May, 1877, the executors of Heaton's will filed their bill to foreclose said mortgage, in the circuit court of Macoupin county; that a decree of foreclosure was rendered at the August term, A. D. 1878, of said court; that on the 16th day of November, A. D. 1878, said land was sold under said decree, to said executors, for $1120.86; that they received a certificate of purchase, which was for a valuable consideration assigned by said executors to the said Prentiss D. Cheney, mortgagee of the said mortgages described and set forth in

complainant's bill, before the expiration of twelve months from the said day of sale; that the said Prentiss D. Cheney was a party defendant to the said foreclosure suit of said executors, and that neither said Cheney nor the complainant redeemed said premises from the sale aforesaid within twelve months after said sale; that on the 31st day of May, A. D. 1877, one Edmund C. Vancil recovered a judgment against the said Andrew Rauch and others, in the circuit court of Sangamon county, Illinois, for $1425.05, and costs of suit; that on the 12th day of August, A. D. 1879, said judgment remaining unsatisfied, was duly assigned, for a valuable consideration, to respondent James W. Patton; that on the 21st day of November, 1879, execution to the sheriff of Macoupin county was issued on said judgment; that no redemption from said sale having been made by the said Andrew Rauch, his assigns, or any person interested in said premises through him or under him, within twelve months from said sale, respondent James W. Patton, on the 22d day of November, A. D. 1879, placed said execution in the hands of said sheriff to execute the same, who endorsed upon the back thereof a levy of the premises above described, and made a certificate of said levy, and filed the same in the recorder's office of said county; that on the said last mentioned day, respondent James W. Patton paid to said sheriff the amount for which said premises were sold, with interest thereon at the rate of ten per cent per annum from the date of said sale, for the use of the purchasers of said premises at said sale, or their assigns, whereupon said sheriff made, and filed in the recorder's office, a certificate of the redemption of said premises from said sale, and advertised the same for sale on the 18th day of December, A. D. 1879, when he offered said premises for sale at the time and place and on the terms advertised, and there being no greater amount bid at said sale than the redemption paid by respondent James W. Patton, with interest thereon at the rate of eight per cent per annum from the date of said

redemption to the said day of sale, the premises were struck
off to respondent James W. Patton, and the said sheriff there-
upon executed and delivered to respondent James W. Patton
a deed for said premises, which was filed for record in said
recorder's office on the 18th day of December, 1879, and de-
nies the complainant is entitled to relief as to the respondent
James W. Patton,—to which said answer the said complain-
ant, Henry J. Smith, filed his replication; and the said cause
afterward, and on or about the 10th day of May, A. D. 1884,
(that being one of the days of the February term, A. D. 1884,
of said circuit court of Macoupin county,) came on to be heard,
and a decree was then pronounced and approved by said court,
allowing the said Henry J. Smith, the complainant therein, to
redeem from the sale under the decree foreclosing the Heaton
mortgage, and from the sale made on the 18th of December,
1879, under execution in the case of *E. C. Vancil* v. *Andrew
Rauch and others,* made in pursuance of the redemption effected
by defendant James W. Patton, as judgment creditor, by as-
signment of said judgment on November 22, 1879, upon com-
plainant's paying $1238.31,—the amount for which said lands
were sold,—to respondent James W. Patton, on his redemption
from the sale under said decree in said case of *Heaton et al.*
v. *Rauch et al.,* with interest from the 22d of November, 1879,
at the rate of eight per cent per annum; ordered the payment
by Andrew Rauch of $10,889.22 to complainant, for use of
Bowman & Ware, and in default that the premises in question,
and other lands in Sangamon county, be sold to satisfy said
decree, and ordered appeal to be allowed to James W. Patton
upon his giving bond in $500, to be approved by the clerk, in
sixty days from date of decree; and this defendant James W.
Patton afterwards, to-wit, on the 23d day of May, A. D. 1884,
appealed said cause to the Supreme Court of the State of
Illinois, at the June term, A. D. 1884, of the Central Grand
Division thereof, and that at the January term, A. D. 1885,
of said Supreme Court, said decree of said circuit court was,

by the judgment of said Supreme Court, reversed, and said cause was remanded, with direction to the said circuit court to dismiss said bill so far as related to the said north-east quarter of section five (5), township twelve (12), north, range six (6), west of the third principal meridian, in the county of Macoupin, State of Illinois, and that on the 29th day of June, A. D. 1885, said cause was duly reinstated in said circuit court, upon notice to the solicitors of the said Henry J. Smith, as required by law, and a decree was made therein dismissing said bill so far as it related to said above described quarter section of land, pursuant to the judgment of said Supreme Court, as aforesaid;—all of which matters and things these defendants doth aver and plead in bar to so much of the said complainant's bill as hereinbefore particularly mentioned, and pray the judgment of this honorable court whether they should make any further answer to so much of the said bill as is before pleaded unto."

Plaintiff in error filed exceptions to certain portions of the answer put in to the residue of the bill of complaint, and on his motion the plea was set down for a hearing as to its sufficiency. On February 22, 1886, the court overruled the exceptions to the answer, and, upon argument, allowed the plea. No replication was filed to the plea, but on February 23, 1886, plaintiff in error, by leave of the court, amended his bill. On February 25, 1886, the defendants James W. Patton and wife demurred to the amended bill of complaint, and on April 11, 1888, said demurrer was sustained. Thereafter, on January 5, 1889, plaintiff in error presented to the court two proposed further amendments to the bill of complaint, and moved the court for leave to file the same, and on January 25, 1889, the court denied said motion, and refused to allow said proposed amendments to be filed. On March 2, following, the court entered an order and decree, wherein was recited the filing of the plea and answer of the defendants James W. Patton and wife, the allowance of said plea upon argument, the filing, by

leave of the court, of an amended bill, the filing and sustaining of a demurrer thereto, and the interposition and denial of the motion to file the proposed further amendments to the bill. And said order and decree then concluded as follows:

"And the complainant neglecting and failing to reply to said plea, and abiding by his said motion, now, therefore, on consideration thereof, it is ordered, adjudged and decreed, and the court doth order, adjudge and decree, that the complainant's original and amended bills of complaint be and the same are hereby dismissed as to the defendants James W. Patton and Francine E. Patton, and also as to the north-east quarter of section five (5), in township twelve (12), north of range six (6), west of the third principal meridian, in the county of Macoupin, State of Illinois, with costs to said defendants James. W. Patton and Francine E. Patton to be taxed."

The present writ of error brings the record to this court, and various errors are assigned. The matters contained in the original bill, in respect to the connection of the defendant in error James W. Patton with the premises in controversy, the matters contained in the amendments to said bill, and the matter contained in the further proposed amendments which the court refused permission to file, are sufficiently stated in the opinion.

Mr. JOHN M. PALMER, and Mr. THOMAS F. FERNS, for the plaintiff in error:

The decree in *Smith* v. *Patton* did not conclude the rights of Cheney, as he was not a party to such suit.

The amended bill sets forth sufficient facts to entitle the complainant to relief, in equity. The bill also alleges collusion between Patton and his client, Rauch, to injure, delay and defraud Cheney in the collection of his debt. The law will not permit an attorney to thus purchase his client's land to the injury of his creditors. *Wright* v. *Walker*, 30 Ark. 48; *Hall* v. *Hallett*, 1 Cox, 134; *Bussy* v. *Hardin*, 2 B. Mon. 410; *Pearle* v. *Gamble*, 72 Ala. 343; *Moore* v. *Braken*, 27 Ill. 23.

The allowance of a plea to a part of a bill, generally, imposes upon the plaintiff the necessity of amending his bill. If a plea for the whole bill is allowed, it puts an end to the suit; but the court, when the case requires, will, instead of allowing the plea, give the plaintiff leave to amend. 1 Smith's Ch. Pr. 237.

The amendment of a bill in chancery by the complainant, and an answer, plea or demurrer filed to said amended bill, operates as a waiver of the prior proceedings. 1 Smith's Ch. Pr. *305.

In the case of *Bassett* v. *Company*, 43 N. H. 253, the court says: "If, then, the plaintiff find the plea true, in fact, he must not reply, but he may amend his bill, and thus avoid its effects, as was done in this case to avoid the first plea."

Amending the bill after plea is not allowance of the plea. Cooper's Eq. Pl. 334; Story's Eq. Pl. (7th ed.) sec. 891; *Vere* v. *Glynn*, 2 Dickens' Ch. 441.

In the case last mentioned it was held, that if defendant desired to plead to the amended bill, he must plead *de novo*.

Defendants in error, Patton and wife, by not pleading to the amended bill, waived their plea to the original bill, and the proceedings were then on the amended bill, and the demurrer thereto. *Lucas* v. *Holder*, 1 Eq. Abr. 41.

An amended bill takes the place of the original bill, and when it is filed the original bill ceases to perform any further functions as a pleading. *Bradish* v. *Grant*, 119 Ill. 611; *Barber* v. *Reynolds*, 33 Cal. 497.

When an original bill is taken as confessed, and an amended bill is subsequently filed, the order *pro confesso* is thereby opened. *Bank* v. *Finch*, 1 Barb. Ch. 75; 5 N. Y. Ch. 305.

So in this case, when the court permitted the amended bill to be filed, and a general demurrer thereto, the order of the court sustaining the plea to the original bill was annulled, and if defendants in error insisted on their plea, they should have pleaded *de novo* to the amended bill.

Amendments of the bill will be permitted after a demurrer or a plea has been filed, but generally not after it has been set down for argument. If amendment is permitted, and the date of the record of the amended bill is subsequent to that of the plea, the effect will be to strike the plea off the record. *Jennings* v. *Pearce,* 1 Ves. Jr. 448.

No matter how trifling the amendment to the bill, the defendant must either further plead, answer or demur, or the plaintiff is entitled to default on the whole bill. 1 Barb. Ch. Pr. 195; 1 Daniell's Ch. Pr. 403; 1 Smith's Ch. Pr. *305, note b; *Bassett* v. *Company,* 43 N. H. 251; *Mezeix* v. *McGraw,* 44 Miss. 112; *Tedder* v. *Stiles,* 16 Ga. 1; *Insurance Co.* v. *Jenkins,* 8 Paige, 589; *Cowman* v. *Lovett,* 10 id. 559; *Richardson* v. *Richardson,* 5 id. 58; *Bosanquet* v. *Marsham,* 4 Sim. 573.

Messrs. PATTON & HAMILTON, for the defendants in error:

The only question involved is, whether the act of the circuit court in overruling the motion of plaintiff in error for leave to file the amendments proposed, was such an abuse of judicial discretion as to amount to error.

Amendments are in the discretion of the court. (*Barm* v. *Bragg,* 70 Ill. 283; 1 Barb. Ch. Pr. 207, 211.) And unless this court can say there has been an abuse of discretion, it will not interfere. *Schmidt* v. *Braley,* 112 Ill. 48; *Gordon* v. *Reynolds,* 114 id. 118; *Johnson* v. *Johnson,* id. 611.

Did the court abuse its discretion? In the first place, an amendment to a bill will not be allowed unless it will help the case of complainant. *Barm* v. *Bragg, supra.*

Cheney's right to redeem from a mortgage is fixed by section 10, chapter 77, of the Revised Statutes, which provides that "any defendant, his heirs, administrators, assigns, or any person interested in the premises through or under the defendant, may, within twelve months from said sale, redeem the real estate thus sold." He was the mortgagor, and should

have redeemed within the twelve months. (*Dunn* v. *Rodgers*, 43 Ill. 260; *Seligman* v. *Laubheimer*, 58 id. 124.) Failing to do so, Patton, as judgment creditor, had the right to redeem, and thereby obtain priority. *Lamb* v. *Richards*, 43 Ill. 312; *Lloyd* v. *Karnes*, 45 id. 62; *Karnes* v. *Lloyd*, 52 id. 113; *Mc-Roberts* v. *Conover*, 71 id. 524; *Moore* v. *Hopkins*, 93 id. 505.

A plea is a special answer, showing or relying upon one or more things as a cause why the suit should be either dismissed, delayed or barred. The defense proper for a plea is such as reduces the cause, or some part of it, to a single point, and from thence creates a bar to the suit, or to a part of it to which the bill applies. 1 Barb. Ch. Pr. 114; Mitf. Ch. Pl. 345.

If, upon argument, a plea is allowed, it is thereby determined to be a full bar to so much of the bill as it covers, if. the matter pleaded, with the necessary averments to support it, be true. (1 Barb. Ch. Pr. 121.) And if the complainant fails to file a replication, not only the validity of the plea as a bar is admitted, but the truth of the facts set up, and of course the suit is at an end. 1 Barb. Ch. Pr. 121; *Knowlton* v. *Hanbury*, 117 Ill. 471.

If the complainant amends his bill he thereby admits the validity of the plea, as if the same had been allowed on argument. 1 Barb. Ch. Pr. 120.

Upon the allowance of a plea, leave to amend will not be given to enable the complainant to state facts as to the part covered by the plea tending to disprove it. The complainant must take issue upon it. Nor after allowance will he be permitted to amend by stating facts which, admitting the truth of the plea, seek to avoid or restrict its effect. 1 Barb. Ch. Pr. 121.

A significant feature of this case is, that the bill and proposed amendments are silent on the subject of Cheney's present interest in the notes and mortgage. If he went through the form of selling and indorsing them to Smith, and received Smith's money for them, how and when did he get them again?

Did he repurchase them? The legal title, as he says, passed to Smith by indorsement. They were no longer his, according to his theory in that case. Unless Smith held them for his use and benefit, something was necessary to re-invest him with the title to them. He could get title only through Smith, and thus he became a privy to Smith's title, and as such he is bound by the final decree dismissing the bill in the *Smith case.* *Umlauf* v. *Umlauf,* 117 Ill. 580; *Jenkins* v. *Bank,* 111 id. 462; *Dyer* v. *Hopkins,* id. 168; *Tilley* v. *Bridges,* 105 id. 336; *Cooper* v. *Corbin,* id. 224; *Chicago* v. *Cameron,* 120 id. 451; *Attorney General* v. *Railroad Co.* 112 id. 536.

The principle extends to the grounds of recovery or defense which, under the issue, might have been, but were not, presented. (*Bennitt* v. *Mining Co.* 119 Ill. 9; *Harmon* v. *Auditor,* 123 id. 127.) It is binding on one not a party, where the suit is carried on in the name of another, for his benefit.

In *Bennitt* v. *Mining Co. supra,* this court said: "Persons in whose behalf and under whose direction the suit is prosecuted or defended in the name of some other person, fall within the category, and in such cases parol evidence is admissible to show who are the real parties in interest, and that they conducted the litigation in the names of other persons. (Freeman on Judgments, sec. 174, and authorities cited in notes.) In the case of *Cole* v. *Favorite,* 69 Ill. 457, the Supreme Court of this State recognized and approved this extension of the principle of *res judicata;* and then said: 'The suit in the Federal Court, although in the name of appellees, was prosecuted at the request of and for the benefit of appellant. He advised and directed it, was a witness therein, and while he was not formally a party to the record, he was a party in interest, and must be regarded a privy.'"

A decree dismissing a bill may be pleaded as a bar to another suit embracing the same subject matter. *Jenkins* v. *Bank,* 111 Ill. 462; *Knowlton* v. *Hanbury,* 117 id. 471.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Plaintiff in error at one time had a valid lien upon the one hundred and sixty acres of land in Macoupin county, to secure the moneys which he had loaned to Rauch, and his mortgages were subordinate to the prior mortgage of Heaton, and to that alone. By the mortgage deeds Rauch had conveyed and mortgaged to him the equity of redemption. Unless the plea of *res judicata* should prevail, or some valid bar to his right otherwise be shown, it is manifest that if he was not a party to the Heaton foreclosure suit, then his equity of redemption still subsists, and he is entitled to relief in the chancery court.

Plaintiff in error was named as a defendant in the Heaton bill of complaint, but he claimed, either in his pleadings which were filed, or in the amendments thereto which the court denied permission to file, or in both, (and it is unnecessary for the purposes of this decision to critically examine the somewhat voluminous pleadings actually filed and offered to be filed, for the purpose of ascertaining just when and where such claims were made,) that he never entered or authorized any entry of his appearance in said foreclosure suit; that his supposed answer in said suit was filed by an attorney of the court without any right or authority, and that said attorney was not employed or requested to act for him, or in any manner to look after his rights or interests, and that he had no knowledge or information an answer had been filed in his behalf until after the sale by virtue of which the defendant in error James W. Patton claims to have obtained title, and that he was never served with process in said suit; that the supposed return endorsed on the summons therein, issued to Jersey county, purporting to have been made by the deputy sheriff, was a forgery, and that he had no knowledge or information of such supposed return of service until after the aforesaid sale to Patton. If these allegations are true, and if plaintiff in error is not barred by the adjudication in the Smith suit,

28—134 ILL.

then, it would seem, he has a good case, calling for the interposition of a court of equity.

It was also claimed in the original and amended bills, that defendant in error Patton was the attorney for Rauch in the suit wherein was recovered the judgment for $1425.05 against said Rauch and his co-partners; that Rauch was insolvent, and that such fact was known to Patton, and that by fraudulent collusion and conspiracy between said Patton and Rauch, said judgment was, through Mathew Patton, Jr., brother of said Patton and brother-in-law of said Rauch, purchased at twenty-five cents on the dollar, and said judgment assigned to said James W. Patton, and that the object of such conspiracy and the assignment of the judgment, and the subsequent proceedings and sale thereunder, were for the purpose of aiding Rauch and defrauding plaintiff in error in respect to the collection and enforcement of his mortgages. If these allegations of plaintiff in error are true as matters of fact, then it would seem that a court of equity should not permit an attorney to thus, by fraudulent collusion, purchase the land of his client, to the injury of the creditor of such client, but that the court of conscience would, under such circumstances, hold the attorney to be a trustee for such creditor. It is to be remarked, however, both in regard to the above mentioned matters and in regard to other matters pleaded by plaintiff in error in avoidance of the claim of Patton that his title to the lands is absolute, that they are matters of which Henry J. Smith could have availed himself in the former suit brought to foreclose the mortgages, upon which the bill in the present case is predicated. See *Patton* v. *Smith*, 113 Ill. 499.

This brings us to a consideration of the plea interposed by Patton and wife to so much of the bill as seeks to foreclose the mortgages in respect to the lands in Macoupin county.

The rule applicable to pleas in equity is, that the same strictness and exactness are required in them that are required in pleas at law,—if not in matters of form, at least in matters

of substance. (Story's Eq. Pl. sec. 658.) One requisite of such plea is, that it should clearly and distinctly aver all the facts necessary to render it a complete equitable defense to the case made by the bill, so far as the plea extends. (Ibid. sec. 665.) Where its allegations, being taken as true, do not, so far as it purports to go, make out a full and complete defense, or where the necessary facts are to be gathered by inference, alone, it will not be sustained. (Ibid. sec. 652; 2 Daniell's Ch. Pr. 103; Puterbaugh's Pl. and Pr. Ch. 137.) It must be specific and distinct, and must be perfect in itself, so that, if true, it will make an end of the case, or of that part of the case to which it applies. *Allen* v. *Randolph*, 4 Johns. Ch. 693.

If the adjudication in the suit brought by Smith to foreclose the mortgages was, in respect to plaintiff in error, simply *res inter alios acta*, and if he is not in privity with Smith, then it is manifest that he is not bound by the result of that litigation. It is admitted by the plea that plaintiff in error was not a party to the Smith suit to foreclose, and the extent of the allegations of the plea to show any connection between him and that suit are the averments, "that on the 24th day of May, A. D. 1880, one Henry J. Smith, as assignee and holder of the notes and mortgages in complainant's bill mentioned, from the complainant, exhibited his bill of complaint in the circuit court in the county of Macoupin, State of Illinois, against the defendants herein, for the foreclosure of said mortgages in satisfaction of said promissory notes, thereby stating that each and all of said notes, with the said mortgages, had been duly assigned and transferred to him, the said Henry J. Smith, by the said complainant, Prentiss D. Cheney, before the maturity of said notes, for a valuable consideration, and that the same were then held and owned by him, the said Smith." It is further averred in the plea, that "this defendant, James W. Patton, on the 4th day of October, A. D. 1880, put in his answer, denying that said notes and mortgages were in good

faith, for a valuable consideration, assigned and transferred by the complainant herein to the said Henry J. Smith, as alleged in the said bill of complaint of said Smith."

We think that these allegations are insufficient to show that plaintiff either had any connection with or interest in that litigation, or to show any privity between him and Smith. It may well be that Smith sued *as* or in the capacity of assignee and holder of the notes and mortgages from Cheney, and Smith may have claimed that the notes and mortgages had been assigned and transferred to him by Cheney, and that they were held and owned by him; but, *non constat*, that Smith was in fact assignee and holder, or that Cheney had assigned and transferred the notes and mortgages to him, or that he held and owned them. To say one exhibited a bill as assignee is not equivalent to saying he was assignee, and any conclusion therefrom that he was assignee is a mere matter of inference. The answer that was filed in the suit by Patton put in issue the alleged fact of transfer and assignment, and as Smith failed in his suit, the presumption might well be that the attempted foreclosure failed simply because it appeared from the proofs that the notes and mortgages had not been assigned and transferred to him, and that he had no interest therein.

One of the assignments of error upon the record is, that the circuit court erred in sustaining the plea of defendants James W. Patton and wife to complainant's bill, and one of the contentions urged by plaintiff in error is, that his rights were not concluded by the decree in *Smith* v. *Patton*, and that therefore there was error in allowing the plea. We can not look out of the record, and since it does not appear from the plea that Cheney was a party to the suit of *Smith* v. *Patton*, or that that suit was prosecuted at his instance, or with his knowledge and consent, and in his interest or for his benefit, or that there is or ever has been privity in respect to the notes and mortgages between Cheney and Smith, we are forced to

the conclusion that the plea was defective, and that, too, in regard to a matter of substance. All that is stated in the plea may be true, and yet the fact be, that Smith, in prosecuting his suit to foreclose, was acting in fraud of the rights of Cheney, and was a mere trespasser with reference to him and in respect to the notes and mortgages. If Smith was such wrongdoer, yet Cheney could not safely and without peril have taken issue on the plea by filing replication.

If, as matter of fact, the Smith suit was prosecuted at the instance of plaintiff in error, and for his benefit, then the adjudication in that case is binding and conclusive upon him. (*Cole* v. *Favorite*, 69 Ill. 457; *Bennitt* v. *Wilmington Star Mining Co.* 119 id. 9.) So, also, if Smith, at the time of his suit, was owner of the notes and mortgages, and plaintiff in error has since been re-invested with title, then he must necessarily have derived such title through Smith, and be in privity with Smith's title, and bound by the final decree rendered in the *Smith case*. In either of the events above supposed, the conclusiveness of the adjudication in the *Smith case* will include, not only what was determined in that suit, but also all other matters properly involved, and which might have been raised and determined in it. See *Bennitt* v. *Wilmington Star Mining Co. supra*, and authorities there cited.

What we have already said obviates the necessity of any further discussion of the errors assigned.

For the error committed in holding the plea to be sufficient, and allowing it, the decree is reversed. The cause is remanded, with directions to give plaintiff in error leave, if he shall be so advised, to further amend his bill, and to give like leave to defendants in error to amend their plea.

*Decree reversed.*

MAGRUDER and CRAIG, JJ., dissenting.