PRENTICE D. CHENEY

*v.*

JAMES W. PATTON *et al.*

*Filed at Springfield, January* 19, 1893.

1. FORMER ADJUDICATION — *decree conclusive on parties in interest and those under them, as to all matters involved.* Where a bill in chancery is prosecuted in the name of one, at the instance or for the benefit of another, the adjudication or decree entered therein will be conclusive as to the latter, not only as to what was determined in such suit, but also as to all other matters involved which might have been raised and determined in it. The decree will equally bind one acquiring title, after such suit, in the subject-matter of the suit.

2. The real party in interest to an action or bill in chancery, whether brought in his name or in the name of another for his use and benefit, with his knowledge and consent, will be bound by the judgment or decree rendered in the case.

3. SAME — *plea, held good.* To a bill to foreclose a second mortgage one of the defendants pleaded a former decree dismissing a bill to foreclose the same mortgage filed by another person, and alleged that, before the filing of the first bill, the complainant in the last bill assigned and transferred the notes and mortgage to the complainant in the first bill; that the latter had notice of the filing of the prior bill and of the pendency of that suit; that the prior suit was prosecuted with the knowledge and consent of the latter and in his interest and for his benefit; and that after the commencement of such prior suit the complainant in the last bill acquired from the complainant in the first bill, and was reinvested with the legal title to, said notes and mortgage and was in privity with him: *Held,* that the plea was a bar to the second suit.

4. The question in every such case must be, was the party sought to be concluded the real party in the action pleaded in bar, and if he was, whether the action was openly so conducted, or his connection therewith concealed, is immaterial.

APPEAL from the Circuit Court of Sangamon county ; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PALMER & SHUTT and Messrs. RINAKER & RINAKER, for the appellant.

Mr. JAMES W. PATTON, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

This case is before us a second time.  On the former hearing it was remanded with directions to the Circuit Court to allow the parties to amend their pleadings if they so desired. See 134 Ill. 422.

After the case was redocketed in the Circuit Court, complainant amended his bill, and to so much thereof as sought relief against the lands claimed by the defendants, James W. and Francine E. Patton, they filed an amended plea.  To this plea a replication was filed by the complainant, and the cause went to a second hearing, as to these parties, on the issues thus formed.  The Circuit Court again dismissed the bill as to said defendants, and the said land claimed by them, and the complainant appeals.  In the opinion, reported in 134 Ill., at page 437, we said : " If, as a matter of fact, the *Smith* suit was prosecuted at the instance of plaintiff in error, and for his benefit, then the adjudication in that case is binding and conclusive upon him. (*Cole* v. *Favorite,* 69 Ill. 457 ; *Bennitt* v. *Wilmington Star Mining Co.,* 119 id. 9.)  So, also, if Smith, at the time of his suit, was the owner of the notes and mortgages, and plaintiff in error has since been reinvested with the title, then he must necessarily have derived such title through Smith and be in privity with Smith's title and be bound by the final decree in the *Smith* case.  In either of the events above supposed the conclusiveness of the adjudication in the *Smith* case will include, not only what was determined in that suit, but also all other matters properly involved and which might

have been raised and determined in it." See *Bennitt* v. *Wilmington Star Mining Co., supra,* and authorities there cited.

The plea upon which this hearing was had in the Circuit Court is the same as the one before us when the above decision was made, with the additional averment : " That before Smith filed his bill in the Macoupin Circuit Court, Cheney assigned and transferred said notes and mortgages, by indorsing his name thereon and delivering the same, with said mortgages, to the said Henry J. Smith ; that the legal title to said notes and mortgages was in said Henry J. Smith at the time of the filing of his said bill ; that the complainant herein had notice of the pendency of said suit of Henry J. Smith, and the same was prosecuted with the knowledge and consent of the plaintiff, and in his interest and for his benefit ; that, after the commencement of the same, the complainant herein acquired from said Henry J. Smith and was reinvested with the legal title to said notes and mortgages and was in privity with the title of said Henry J. Smith."

It will be seen that this amendment, by its allegations, makes the decree in the *Smith* case effectual as a bar to this action, within the language of the foregoing decision, on both of the grounds therein indicated, viz. : The legal title to said notes and mortgages was transferred to and held by Smith when that bill was filed, and afterwards complainant became reinvested with said title through Smith and in privity with his title ; also, that the *Smith* suit was prosecuted with the knowledge and consent, and in the interest and for the benefit of complainant. The only question, therefore, upon this branch of the case is, was one or both of these allegations of the plea supported by the evidence ? If they were, then, unless what was said in the former decision of the case is wrong, appellees' defense, under the plea of *res adjudicata,* was complete, and all other questions raised on the record become unimportant.

Counsel for appellant dispose of the question of proof on the first branch of the plea, without reference to the evidence, upon the ground that this court decided in *Patton* v. *Smith*, 113 Ill. 499, that Smith never had the title to said notes, and mortgages, and therefore they say, he could confer no title upon complainant, and there could be no privity of title between them. It will, however, be seen by reference to that case, that whether the legal title to the notes and mortgages, as between Cheney and Smith, was ever in the latter, was neither before the court nor decided. It is there expressly said: "The notes purport to be assigned on the 23d day of May, 1877, by Cheney to Smith, and both of these parties testify that the notes were sold, and assigned on that date." The controversy on this branch of the case then was, whether Smith was a *bona fide* owner, and therefore not concluded by the Heaton decree, as it was then conceded Cheney was.

Patton did not then claim that there was no assignment of the notes in *fact*, but he insisted, as he does now, that the assignment was a mere shift on the part of Cheney, aided by Smith, to escape the Heaton decree of foreclosure, to which he, Cheney, must have then thought he was a party. As before said, the decision was not, that as between Cheney and Smith, Smith did not hold the legal title, but on the contrary, the fact of an assignment is there conceded, by which the legal title did pass. Nor do we understand it to be denied now, that appellant did make such an assignment. But whether that fact is denied, or not, the proof establishes it beyond all question, and the testimony which proves that fact, is also a part of the evidence which conclusively proves that the "Smith suit" was only so in name, and was in fact the suit of Cheney. No good purpose would be served by a review of that testimony. No one can read it, without being forced to the conclusion, from the filing of the bill to the final disposition of the case of *Smith* v. *Patton*, Smith was the merest fig-

ure-head, used by Cheney, for the purpose of trying to avoid the Heaton foreclosure.

No stronger case could be presented for the application of the just rule, that the real party in interest to an action, whether so by name or not, is bound by the judgment. Freeman on Judgments (2d ed.), secs. 174 and 175; *Cheney* v. *Patton et al., supra,* and cases there cited.

An attempt is made to limit this rule to cases in which " an open, actual and acknowledged participation in the management, conduct and control of a suit, with all the actual rights of a party," is shown, but we do not think any such qualification can be sustained, either upon principle or authority. The question in every such case must be, was the party sought to be concluded, the real party in the action pleaded in bar, and if he was, whether the action was openly so conducted, or his connection therewith concealed is immaterial. Otherwise, he who uses the name of another, in which to prosecute a suit, for the purpose of gaining some advantage over his adversary, would be given an advantage over one, who, though not a party to a suit in name, is the party in interest openly, and for an honest purpose.

· Again. it is insisted that at most the action set up in the plea is no bar to the complainant's right to recover upon this bill, because the only fact there decided was, that Smith did not own the notes and mortgages at that time. As already shown, that is not the real scope of that decision, but if it was, the position here contended for would be untenable. Complainant in this bill being the real party in the one filed in the name of Smith, is concluded not merely by that which was actually decided there, but also by every other matter which might properly have been submitted for decision on that bill, and which the plea here shows, was all the matters at issue between the parties in the present action. *Cheney* v. *Patton, supra,* and the authorities cited.

o

Cases cited by counsel for appellant as holding the contrary are not in point.

We are very strongly of the opinion that, upon the whole record, appellant is shown to have been a party to the Heaton foreclosure, and concluded by that decree, but we have not deemed it necessary to place the affirmance of the decree below upon that ground.

If, as is earnestly insisted by counsel for appellant, the decree of the Circuit Court works a grievous hardship upon him, he alone is responsible for that result. Even if he were not, plain and well-established rules of law can not be disregarded, in order to relieve him from that hardship. Under the law and the evidence, the decree below is right, and it will be affirmed.

*Decree affirmed.*