## George H. Taylor v. The Indiana Paper Co.

1. JUDGMENT IN BAR—*What is not.*—A failure in a suit and consequent judgment for the defendant, in the State of Indiana, to recover in which there must have been proof of more consideration than is required in Illinois, is no bar to a suit for the same cause in the courts of this State.

**Assumpsit,** for money paid, etc. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed May 14, 1896.

TENNEY, McCONNELL & COFFEEN, attorneys for appellant.

GEO. W. SMITH, attorney for appellee; R. O. HAWKINS, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The case of the appellant is that he and his wife conveyed to the appellee some real estate, the deed stating that " as part of the consideration of this conveyance, the grantee assumes and agrees to pay  *  *  *  a mortgage debt to Marie L. Chapin;" and because of the failure of the appellee to pay that debt he has been compelled to pay a considerable sum of money in settlement of it.

The defense upon which the court passed as matter of law, and instructed the jury to find for the appellee, is that before the appellant paid in settlement of the debt, Mrs. Chapin, at the request and expense of the appellant, herself sued the appellee to recover the debt which by the deed the appellee assumed, and was defeated upon the merits. The Circuit Court held that the judgment for the appellee in that suit was a bar to this. We will assume that the relation of the appellant to the former suit was such as to make the result in it binding upon him. Cheney v. Patton, 134 Ill. 422.

In the present case the appellant sued upon the theory that, solely by the acceptance of the deed, the appellee became bound to pay Mrs. Chapin. The declaration alleges no other consideration—nothing extrinsic to the deed itself. The former suit was in Indiana; and the complaint (under the code there) alleged, not that by the mere acceptance of the deed the appellee became liable to pay, but that in consideration of a variety of releases, and an assignment of a lease of other property, as well as in consideration of the deed, the appellee promised to pay Mrs. Chapin.

Now it is obvious that if the theory of this suit is correct, the mere production of the deed, with proof that the appellee accepted it, but did not pay Mrs. Chapin, and therefore the appellant was compelled to pay, is enough to entitle him to recover; and it is clear that a failure in any former suit, to recover in which there must have been proof of more consideration than is necessary to be proved in this, is no bar to this. Bigelow on Estop. 84; Freeman, Jud't, Sec. 259; Black, Jud't, Sec. 726.

If the position of the appellee could be maintained, that it was not necessary in the former suit to prove "each and every consideration that was alleged as a consideration for the agreement, but, on the contrary, the suit being upon and for the purpose of enforcing the agreement, it was only necessary to prove some one or more of the considerations alleged," then the former suit might be held to be a bar. But the law is the other way. In declaring upon a contract, where it is necessary to state a consideration at all, the whole must be stated, and of what is stated, the whole must be proved. 1 Ch. Pl. 229, Ed. 1844.

Thus, if less or more than the actual consideration be stated, there can be no recovery.

The Indiana judgment is therefore no bar to this suit, for the one reason that more proof was necessary to maintain that suit than will suffice in this. This being the only question before us, the judgment is reversed and the cause remanded.