SANDERS v. PECK et al.

(Circuit Court of Appeals, Seventh Circuit, May 2, 1898.)

No. 394.

1. PRINCIPAL AND AGENT—UNAUTHORIZED SALE BY AGENT—RATIFICATION.
Where the owner of property which has been sold without authority by one assuming to act as his agent enters into negotiations with such assumed agent, without reservation, for a settlement, on the basis that the latter is accountable for the price received for such property, he thereby ratifies the sale, and cannot afterwards withdraw such ratification, and claim the property from the purchasers.

2. JUDGMENT—CONCLUSIVENESS—PERSONS BOUND.
One for whose benefit certain petitioners in a suit in equity prosecuted their claims, being represented therein by his authorized attorney, is bound by the decree therein, unless set aside by direct proceedings therefor.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

W. A. Foster, for appellant.

James L. High, Henry W. Booth, and D. T. Corbin, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The bill in this case was brought by Joshua C. Sanders, the appellant, against Ferdinand W. Peck, William R. Page, Harvey W. Booth, and David T. Corbin, to set aside a sale of 22 bonds, of $1,000 each, executed by the Riverside Improvement Company. The sale was made on September 10, 1890, by Corbin, as agent of the owners, to Peck, who was represented in the transaction by Page and Booth, and the bill charges a conspiracy of the defendants to cheat and defraud Sanders out of his interest in the bonds, and in certain decrees in which the bonds, excepting two, had been merged. The appellees answered, denying all fraud, averring a purchase in good faith through Corbin, who, as agent and attorney of the owners of the bonds, it is alleged, had full authority to make the sale, and setting up certain

orders and decrees of the circuit court of Cook county, Ill., in the case of Peck against Chicago & Great Western Railroad Land Company and others, as an adjudication of Peck's title as against the title asserted by Sanders.

It is not found necessary to rehearse the numerous facts incident to this litigation. A few propositions are controlling. That Corbin had no authority to sell the two bonds which had belonged to Hendrickson is clear, and the preponderance of the evidence seems to us to be that the sale made of the other bonds was unauthorized, and that, having been notified of the appellant's ownership and of his denial of Corbin's authority before the purchase money was paid, Peck and his agents proceeded at their peril in an effort to consummate the sale by paying the price to Corbin and by taking assignments of the decrees, which, though obtained in the names of Ver Nooy and Temple, belonged to the appellant. But, though unauthorized, we are of opinion that Sanders ratified the sale by his subsequent conduct, when, with full knowledge of the circumstances, he entered into negotiations with Corbin for a settlement of the account between them on the basis that the sale was valid, and that Corbin was accountable to him for the price received for the bonds or decrees. In that negotiation, which was entered upon without any reservation of a right to repudiate the sale if a settlement should not be effected, a sum was agreed upon as proper compensation to Corbin for making the sale, and the difference between them which prevented an adjustment was in respect to a matter in no way connected with the sale of the bonds. This unreserved assertion of ownership of the proceeds amounted to recognition of the validity of the sale. A ratification once fairly made, it was not revocable. If it be said that this ratification did not extend to the Hendrickson bonds, of which Sanders was not then the owner, he is nevertheless in no better position, in respect of those bonds, because of his failure for more than a year after acquiring Hendrickson's title to question the sale.

In respect to the Ver Nooy and Temple bonds, we are of opinion that the decrees and orders of court in the Peck foreclosure suit constitute an estoppel against Sanders to deny Peck's title. The petitions brought in that case in the names of Ver Nooy and Temple, respectively, were brought at the instance of Sanders, and were prosecuted by his attorney, Corbin, for his benefit. Decrees were rendered whereby, through the petitioners, his right to share in the proceeds of the sale was established. After the rendition of the decrees there was a reference to a master, who, acting within the scope of his authority, reported that the decrees in favor of Ver Nooy and Temple had been assigned to Peck, and in pursuance of that report a final decree was entered giving to Peck what otherwise would have been awarded to Ver Nooy and Temple for the appellant. In contemplation of law, the appellant was a party to the proceedings and decree, represented by his attorney, Corbin, of whose unrevoked authority in the premises there is and can be no question, and, if the decree so rendered is not to be regarded as having been consented to by the appellant, it is at

least binding upon him until set aside, as of course it might be on proof of fraud. See Freem. Judgm. §§ 174, 175; Cheney v. Patton, 134 Ill. 422, 25 N. E. 792; Id., 144 Ill. 373, 34 N. E. 416; Prentiss v. Holbrook, 2 Mich. 372; Louis v. Brown Tp., 109 U. S. 162, 3 Sup. Ct. 92.

If anything is due the appellant from Corbin, it should be recovered in an action or suit against him alone, not upon this bill for conspiracy against the appellees jointly. The decree below is affirmed.