Cressey v. Kimmel.

---

**Mrs. H. C. Cressey v. Charles A. Kimmel.**

1. PROMISSORY NOTES—*Transfers of Notes Tainted with Usury.*— The sale of a promissory note by the party to whom it is payable, expressed and understood to be for a given amount, but in fact subject to be reduced to a sum materially less than that amount by the defense of usury, to a party having no previous knowledge of the usury and without informing him of the usury, is a legal fraud.

2. SAME—*Indorsee's Remedy Against Indorser When the Defense of Usury Is Sustained.*—When the indorsee of a promissory note without knowledge that the same is tainted with usury, sues the maker and obtains judgment for a sum materially less than that expressed in the note, he will be entitled to recover such deficit from the indorser and payee, provided such indorser and payee had notice of the pendency of such suit and opportunity to litigate the question of usury, notwithstanding the indorsement is without recourse.

3. SAME—*Liability of an Indorser for Deficiency Occasioned by Defense of Usury.*—If a promissory note is usurious, and the maker successfully interposes the defense of usury, and defeats the collection of the interest reserved in the note, the indorser will be liable over to the indorsee or legal holder for the deficiency thereby occasioned.

4. SAME—*Judgments for, When Binding on Indorsers.*—When the indorser of a note, responsible for any deficiency occasioned by the defense of usury, is notified of the pendency of a suit on the note and has an opportunity to defend, he can no longer be regarded as a stranger to the suit, and any judgment thereon, without fraud, will be conclusive against him whether he appeared or not.

5. PRACTICE—*Tender of Proof in Connection with Improper Matters.*—Where a party makes a tender of proof of certain matters, some of which are proper and some improper, an objection is properly sustained. A separate tender of the proper evidence must be made.

**Assumpsit,** by indorsee on a promissory note. Trial in the Circuit Court of Peoria County, on appeal from a justice of the peace; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

COVEY & COVEY, attorneys for appellant, contended that the appellant can be held liable only for fraud and deceit in the sale of the note in question. The note having been indorsed without recourse she can not be held as an indorser. Drennan v. Bunn, 124 Ill. 175; Bevan v. Fitzsimmons, 40 Ill. App. 108.

CHARLES A. KIMMEL, attorney *pro se.*

The sale of the note was a legal fraud and subjects vendor, appellant, to an action for the difference between the amount of the face value of the note and the sum realized on said note even though indorsed " without recourse." Drennan v. Bunn, 124 Ill. 175.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit having been commenced before a justice of the peace by appellee against appellant, was appealed to the Circuit Court, where a jury was waived, and trial by the court resulted in a finding and judgment against appellant for $69.22, from which she appeals to this court and seeks a reversal of the judgment upon errors assigned—that the finding and judgment are contrary to the evidence, that the court rejected proper evidence, and refused to hold as law in the decision of the case certain propositions submitted to the court.

Appellant indorsed before maturity, without recourse, to appellee, a note executed to her by Levi Meiers, dated January 2, 1897, due in one month after the date thereof, with seven per cent interest, for which appellee paid her $283.50. Meiers having failed to pay the note at maturity, appellee brought suit thereon against him in the County Court, where the defense of usury was set up; of which latter fact appellee notified appellant before the trial. A trial of this issue was had in the County Court, resulting in a judgment against Meiers for $250 only, the same having been reduced to that amount in consequence of usurious transactions between appellant and Meiers, in connection with the note. This judgment was subsequently paid to appellee, but not until the latter had offered to allow appellant to appeal the cause, and use his name for that purpose, which she neglected to do. This suit was to recover of appellant for the amount of the reduction of the note, by reason of such successful defense of usury to a portion of the sum represented by the note, there being little question from the evidence the note was a renewal of transactions between appellant and Meiers, in which there was usury.

It is first insisted, in the argument of counsel for appellant, that the appellee had notice of the usury at the time he purchased the note of appellant, and that he voluntarily took the note, therefore, subject to that burden; and further, that inasmuch as the issues in the County Court involved the question of notice to appellee of the usurious transac-

tions, and could not have prevailed against him without proof of such notice, that therefore the judgment of the County Court is conclusive against him upon this point, and that he is now thereby estopped from further litigating that question.

A fair preponderance of the evidence establishes, to our satisfaction, that appellee had no notice of the usury before or at the time the note was indorsed to him. We are not inclined to hold the trial and judgment of the County Court conclusive against appellant upon the question of notice; nor is he estopped thereby, for the reason that in that suit appellant was notified of its pendency in order that she might litigate the fact of usury, which was the only question antagonistic to her, and in no respect was she required to contest the question of notice to appellee. "That the sale of a chose in action by the party to whom it is payable, expressed and understood to be for a given amount, but in fact subject to be reduced to a sum materially less than that amount by the defense of usury, to a party having no previous notice of the usury, and without informing him of the usury, is a legal fraud, must be as clear as it is that it is a legal fraud to transfer to a purchaser in good faith, without notice, an account for an expressed amount, which had never been incurred, or which had been paid. The usury is the act of the party selling. He does not own the sum forfeited by the usury; has no legal right to collect it, and therefore has no right to sell and transfer it to another. To that extent he has nothing to sell or transfer. The note, too, is his act, and by him, therefore, it is made to express what, in law, is a falsehood upon its face, and by the legal falsehood he induces another to believe what is not legally true, and to pay him money which he would not pay if he knew the legal truth. There is willful deception, in a legal aspect, and consequent gain, upon the one side, and, legally speaking, ignorant credulity, and pecuniary loss in its consequence upon the other side." So if the note is usurious, and the maker successfully interposes the defense of usury, and defeats the collection of the

interest reserved in the note, the indorser will be liable over to the indorsee or legal holder for the deficiency thereby occasioned.   And where' the person so responsible over is · notified of the pendency of the suit, he can no longer be regarded as a stranger to the suit, and any judgment, without fraud, will be conclusive against the party so notified, whether he has appeared or not.   Drennan v. Bunn, 124 Ill. 175, and cases cited.

Under the authority of the case just cited, we think appellant liable by the well established facts herein.

Complaint is made concerning the rulings of the court as to the admission of evidence on the part of appellant.   We find, however, that the court permitted counsel for appellant to prove, if they would, that appellee had knowledge of the alleged usury; but improper matters at the time being connected with the tender of the proof, the court properly sustained the objection, and a separate tender (of the proper evidence) was not made thereafter, and consequently appellant is not in a position to complain in that respect.   The law of the case was sufficiently applied by the propositions held by the court, and all that was proper in the refused was contained in those that were held, and no reversible error appears in this respect.

Finding no error the judgment of the Circuit Court will be affirmed.