## Marquardt Savings Bank v. Christ Sheppleman et al.

1. JUDGMENTS IN BAR—*Judgments in Replevin, When.*—A bank received a promissory note for collection and brought a suit upon it, in its own name, before a justice of the peace, upon which the makers of the note sued out a writ of replevin and obtained possession of it. The real owner of the note authorized an attorney to appear for him and defend the action. The justice gave judgment in the replevin suit that the makers of the note were the owners of the note and rendered judgment in their favor for its possession, which not being appealed from, became final. Subsequently the real owner of the note brought suit upon it in the Circuit Court. *It was held,* that the judgment of the justice not being appealed from, became the final adjudication of the issue as to the ownership of the note and was a bar to any further litigation upon it.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

W. F. McBETH, attorney for appellant.

A. L. PHILLIPS, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.
This suit was brought by appellant against appellees upon

a note for $100 given by appellees to A. H. Warren and by the latter assigned to appellant. Among other pleas filed to the declaration was one to the effect that the note having been sent by appellant to the Farmers and Merchants Bank of Gibson, Illinois, for collection, appellees sued out a writ of replevin against R. A. McClure & Co., they being known as the Farmers and Merchants Bank, who then had the note in their possession, and upon service of the writ, the note was obtained by the officer and delivered to the appellees. Appellant was notified of the replevin suit before the justice of the peace and by its authority an attorney appeared at the trial of the case before such justice and there defended the action. The justice of the peace gave judgment that appellees were the owners of the note, and no appeal having been taken, it became final. The court overruled a demurrer to the plea and appellant abiding by its demurrer, the court gave final judgment in bar of the action, to reverse which this appeal is brought, and such action of the court has been assigned and argued as error, whereby such reversal is sought.

We have no doubt that the notice to appellant and the appearance by the attorney by its authority, as confessed by the demurrer, made the appellant privy to the judgment that was rendered by the justice of the peace (Crassey v. Kimmel, 78 Ill. App. 27; Drennan v. Bunn, 123 Ill. 175), and it was bound by such judgment to the same extent as if it had been named as party to the proceeding. The only question, therefore, that remains to be determined, is as to the force to be given to such judgment.

No doubt can be raised that the justice had jurisdiction of the subject-matter and the parties to the suit, and however erroneously the matter may have been decided, like any other judgment, if acquiesced in by the parties, and no appeal taken from it, it therefore becomes the final adjudication of the issue then before the justice of the peace. The judgment did determine that appellees were the owners of the note, and in legal effect awarded it to them and to their possession, as such owners, and if this was true, appellant did not own the note, and had no right of action upon it.

By permitting the judgment of the justice of the peace to be final appellant is estopped from maintaining this suit. The ruling of the Circuit Court upon the demurrer to the plea was right, and its judgment will be affirmed.