No. 70.—LEROY SNEED, plaintiff in error, *vs.* THOMAS HUGHES, defendant in error.

[1.] If G., the holder of a promissory note, transfer the same by delivery to H., knowing that an endorsement upon it is not genuine, and concealing the fact from H., this act is in fraud of H.; and G. is liable to repay what he received for the note to H., upon failure of the latter to recover from the endorser.

[2.] In such a case, G. is not a competent witness in an action by H. against the endorser to prove the endorsement genuine; for being directly liable to H. in the event of its being held otherwise, he is immediately interested in the result. His interest is not balanced by a liability to the endorser for the *tort*, if by a false oath he should secure a recovery against him.

Assumpsit in Baker Superior Court.    Tried before Judge PERKINS, October Term, 1853.

This action was against Leroy Sneed, as the endorser upon a promissory note, made by Dudley Sneed, Jr., and payable to E. P. Sneed or bearer.   The endorser pleaded *non est factum*; and on the trial of this issue, it appeared that Leroy Sneed transferred the note to James R. George; and that George transferred it, with the endorsement upon it, to Hughes, the plaintiff in the action.

After some evidence introduced by both parties, the plaintiff below tendered the depositions of James R. George, to whom the note was transferred by Leroy Snead, to prove the genuineness of the endorsement.

Counsel for Sneed objected, on the ground that George was interested.   The Court overruled the objection, and this decision is assigned as error.

D. A. VASON, for plaintiff in error.

R. F. LYON, for defendant in error.

*By the Court.*—STARNES, J., delivering the opinion.

It has been sometimes held, that a person who transfers a

promissory note for a valuable consideration, though by delivery only, warrants by implication, that the instrument is genuine, and not forged or fictitious.   And this implied warranty is said to extend also to any endorsement which may precede the transfer.   (*Ch. on Bills,* 245.)

[1.] As we are enabled to do so, we prefer to put this case on stronger grounds.   The correctness of the above position may be doubted; but it will not be doubted that if the party assigning, knows that the note transferred as genuine is forged or fictitious, or any endorsement thereon is so, the Law will hold him responsible as upon a warranty.   In such a case, the concealment of the defect is a fraud upon the assignee, and he who transfers is held liable to repay the money he received.   (*Story on Prom. N.* 118.   *Fern vs. Harrison,* 3 *T. R.* 759.— *Winter vs. Bulloch,* 6 *Ga.* 233.)

Let us apply this principle to the case before us.   It is abundantly evident from the record, that James George, who transfered the note in this case to the defendant in error, must have known that the endorsement of Leroy Sneed upon the note in question was not genuine, if this were so.   The record shows that he had received it from Sneed in person.   If the endorsement was forged, it must have been done after George received it; for he received the note from Sneed personally; and of course if the name of Sneed was on it when he delivered it to George, it was there with his (Sneed's) sanction, and was genuine.   If a forgery then, it could only have been made so after it came to George's possession; and he, of course, must have known it.   If knowing it and concealing it, he assigned it for a valuable consideration to Hughes, he became liable to refund what was paid for it, upon Hughes' failing to recover against Sneed.   When called, therefore, to prove it genuine, he was called to support a direct interest.   (1 *Greenl. Ev.* § 393, 395, 397.   *Ray et al. vs. The Justices of the Infr. Ct.* 6 *Geo.* 303.)

[2.] It was insisted that his interest was balanced; because, if the signature were a forgery, and by his oath to the contra-

ry a recovery was had against Sneed, the latter would be entitled to maintain an action against him for the injury.

This is not a sufficient interest to balance the direct interest which has been shown.

An interest which excludes a witness must be direct, immediate, vested; not remote, uncertain and contingent. The interest here, does not depend directly upon the result of the verdict in this case. Although the testimony of such a witness be false, the person wronged may never be able to show it; and the liability of one to pay the debt, will depend altogether upon the ability of the other to make out a case against him. Other testimony may be adduced in such a case, and it may become a question of doubt whether or not the recovery in the case (if one be had) was owing to this evidence.

As a consequence, the liability is only established when sufficient and successful proof is made, that the *tort* complained of was occasioned by this false oath; and such liability, therefore, is too remote to render the witness incompetent. (1 *Greenl.* § 397. *Blake vs. Irish*, 8 *Shep.* 450.) Indeed, it is none other than a similar liability to that under which every person rests, to him whom he has wronged by a false oath.

James George was, in this point of view, an incompetent witness; and his testimony should have been excluded.

We are not prepared to say, with counsel for defendant in error, that without this testimony of George, the verdict should have been as it was; and therefore, we reverse the judgment.