## M. Rumley Co. v. H. Dollarhide.

1. PROMISSORY NOTES—*Indorsed " Without Recourse," Implied Warranty.*—The indorser of a promissory note does not relieve himself from all liability by inserting the words " without recourse " in the indorsement placed upon the note.   He will be liable on the implied warranty that the note is an obligation for the amount expressed upon its face.

2. SAME—*Liability of Indorser When Note is Usurious.*—If the maker successfully interposes the defense of usury, and defeats the collection of the interest reserved in the note, the indorser will be liable to the indorsee or legal holder for the deficiency thereby occasioned.

M. Rumley Co. v. Dollarhide.

Attachment.—Appeal from the Circuit Court of Edgar County; the Hon. Henry Van Sellar, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

W. H. Clinton, attorney for appellant.

J. W. Howell and J. E. Dyas, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

In the spring of 1892 appellee, as the agent of appellant, sold to one John Hopkins a separator. The separator was shipped on the 3d of June of that year, and Hopkins executed to appellant in payment two notes aggregating $430. The machine did not work satisfactorily, and appellee was so notified by Hopkins a number of times during the threshing season of 1892, all of which notices were sent by appellee to appellant. The notes remained in possession of appellee, who on the 27th of September, 1892, sent to appellant the sum of $313.83, being the amount due on the notes, less appellee's commission, according to the terms of his agency contract with the appellant. Hopkins refused to pay the notes when due on the ground that the separator was worthless, and appellee, on February 14, 1894, forwarded them to appellant to procure its indorsement to him. Appellant assigned the notes to appellee "without recourse." In a suit upon them in the Circuit Court Hopkins defeated appellee on a plea of total failure of consideration, and the judgment there rendered was afterward affirmed on appeal to the Appellate Court.

To recover the amount paid by appellee to appellant for the notes, interest, costs and expenses of the litigation against Hopkins, this suit was commenced, and a judgment rendered in favor of appellee for $500.

Appellant contends that it is not liable, because it assigned the notes after maturity and "without recourse," and because appellee had notice of Hopkins' defense. Numerous authorities are cited, some of which would be applicable in a suit by the indorsee against the maker, and others applicable in a suit against appellant as indorser on the contract

of indorsement. Appellee disclaims, however, his reliance upon appellant's contract of indorsement, and bases his right of action on the liability of appellant as a vendor of property which proved to be worthless.

There could be no question of the liability of appellant to Hopkins had Hopkins paid cash for the separator, and on its appearing after proper trial to be totally unfit for the service designed by it.

In this case the cash was advanced by appellee—appellant's selling agent. From him appellant received all it would have been entitled to had the separator been a satisfactory machine. It turned out to be utterly worthless, however, and a suit against the purchaser was unavailing for that reason. It would seem clear, then, that an action would lie for money had and received against appellant, for the money so advanced on the notes which proved to be worthless, by appellee.

The rights of the parties were not limited to the contract of indorsement " without recourse," entered upon the notes on the 14th of February, 1894, and appellant's attempt to escape liability by making such indorsement was fraudulent and should not succeed. The indorser of a promissory note does not relieve himself from all liability by inserting the words " without recourse " in the indorsement placed upon the note. He will be liable on the implied warranty that the note is an obligation for the amount expressed upon its face. If the note is usurious, for instance, and the maker successfully interposes the defense of usury and defeats the collection of the interest reserved in the note the indorser will be liable to the indorsee or legal holder for the deficiency thereby occasioned. Drennan v. Bunn, 124 Ill. 175.

Appellant had notice of the pendency of the suit against Hopkins and of the defense interposed, and, under the authority above cited, can not be regarded as a stranger to the suit. The judgment there rendered, it appearing that no fraud intervened in the procuring of it, concludes appellant.

When we consider all the circumstances surrounding the

transaction we do not think appellee should be prejudiced in his right of action against appellant by the fact that he had been notified that the machine did not work satisfactorily. Such notice should not have the same force in this suit as in one against the maker of the note pleading failure of consideration.

The judgment is right, and should be affirmed.