## Winfield Scott v. American National Bank et al.

### Decided December 24, 1904.

**1.—Res Adjudicata—Note—Lease—Fraud.**

Defendant sued S. for fraud in the execution of a lease to him by S., and sought to recover the money he had paid in cash for the lease and to cancel a note given as part of the consideration, but the judgment on these issues was in favor of S. Afterwards a bank sued defendant on the note and he made S. a party and set up against the note the same fraud and facts as to the lease alleged in the former suit. Held, that the former judgment was a bar to such defense.

**2.—Same—Pleading—Agreed Statement.**

Where an agreed statement of facts on which the former case was tried showed that issue as to the right of the plaintiff therein (defendant here) to recover the amount of the note was raised, it was immaterial, as to the plea of res adjudicata in this suit, that such agreed statement of the facts may have had the effect of eliminating the pleadings from that case.

**3.—Same—Parties—Note Indorsed.**

It was also immaterial that the bank was not a party to the former suit, since, if it had failed to recover in this suit, it would have been entitled to recover over against S. as indorser, and S. having been brought in by defendant, had the right to interpose the former judgment in his own defense.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Morse & Allen, Capps & Canty* and *Matlock, Miller & Dycus,* for appellant.—1. When a cause is submitted to a court on an agreed statement of facts, in accordance with the provisions of article 1293, Revised Statutes of Texas, 1895, such agreed statement of facts takes the place of pleadings and evidence, and all the former pleadings, and the issues made by such pleading, become immaterial. Rev. Stat. 1895, art. 1293; Thaison v. Sanchez, 35 S. W. Rep., 478; Scott v. Slaughter, 77 S. W. Rep., 949.

2. A judgment is not res adjudicata as to an issue not made or adjudicated in the case. Seligson v. Collins, 64 Texas, 315; Willis v. Matthews, 46 Texas, 483; Evans v. Borchard, 28 S. W. Rep., 248; Linberg v. Finks, 25 S. W. Rep., 791; Teal v. Terrell, 48 Texas, 507; James v. James, 81 Texas, 380; Reast v. Donald, 84 Texas, 649; Pishaway v. Runnells, 71 Texas, 353; Oldham v. McIver, 49 Texas, 572; Groesbeck v. Crow, 40 S. W. Rep., 1029; Converse v. Davis, 39 S. W. Rep., 277; Cannon v. McDaniels, 46 Texas, 315; McAlpin v. Burnett, 19 Texas, 500; Ball v. Hill, 48 Texas, 634; Waldrom v. Zacharie, 54 Texas, 504; Kempner v. Comer, 71 Texas, 201; Union Cent. Life Ins. Co. v. Schidler, 130 Ind., 214, 29 N. E. 1071; Bowen v. Mandeville, 95 N. Y., 237, Book 19 L. Ed., 859; Freeman on Judgm., sec. 259; Stowell v. Chamberlain, 60 N. Y., 272; Bell v. Merrifield, 109 N. Y., 202, 16 N. E., 55; Gilman v. Williams, 38 N. E., 976; Donnell v. Thompson, 10 Me., 170, 25 Am. Dec., 216; Faires v. McClellan, 24 S. W. Rep., 365; Aiken v. Peck, 22 Vt., 255; Smith v. Auld, 1 Pac Rep., 631; Foster v. Busteed, 100 Mass., 409; Walden

v. Bodley, 14 Pet., 156-165; Hughes v. U. S., 4 Wall, 237; Smith v. McNeal, 109 U. S., 429.

3. For a judgment to create an estoppel, it is essential that its operation be mutual, because judgments bind only parties thereto and their privies. Appellee American National Bank, not having been made a party to the suit of Winfield Scott v. C. C. Slaughter, No. 22,079, in the Forty-fourth Judicial District of Texas, is not estopped by the judgment therein, and can not invoke the said judgment against appellant herein. Southern Pine Lumber Co. v. Rogers, 64 S. W. Rep., 794; 2 Black on Judgm., secs. 548-600.

*G. G. Wright* and *K. R. Craig,* for appellees.—1. The appellant, as plaintiff in the suit of Scott v. Slaughter, having in that case voluntarily entered into an agreement as to the facts constituting his cause of action against Slaughter, upon which agreed statement of facts he went to trial, and upon which agreed statement of facts said cause was finally determined, will be conclusively held to have stated all the facts, known to him at that time, which went to make up his cause of action, or right to recover against Slaughter. And he is estopped from asserting that he designedly suppressed, or left out, known facts for the purpose of making up another cause of action in the event he should lose on such partial statement of the facts. Ward v. Green, 88 Texas, 182, and authorities cited; Followed in Cameron v. Henton, 92 Texas, 501; Hamilton v. Ward, 4 Texas, 478; State v. Rio Grande Ry. Co., 41 Texas, 219-20; Rio Grande Ry. Co. v. Ortiz, 75 Texas, 606; Bishop on Contracts, sec. 868; 6 Am. and E. Ency. L. (1 ed.), 247, 248, 249, 250.

2. The notice of defense which appellant charges against the bank was that the note was without consideration, setting out the transaction for which it was given. It was then permissible for the bank on the trial of the case to show that said defense had been litigated between Scott, the maker, and Slaughter, the payee and endorser of said note, and that in such litigation it had been adjudicated that said note was supported by a good and valid consideration. Spencer v. Dearth, 43 Vt., 112, in note 21 Am. & Eng. Ency. L. (1 ed.), p. 175; Hopkins v. Halliburton, 25 S. W. Rep., 1008.

RAINEY, CHIEF JUSTICE.—The appellee, American National Bank, brought this suit against Winfield Scott to recover on a negotiable note for $5,000, executed by said Scott to C. C. Slaughter, and endorsed by said Slaughter to the said bank. Scott made Slaughter a party, and pleaded a failure of consideration, setting up the facts attending the giving of said note; also pleaded false representations made by Slaughter in the transaction, and asked judgment against Slaughter for the amount of the note, together with the amount of other notes and cash payments made at the time said note was given. The bank plead innocent purchaser for value, and both the bank and Slaughter pleaded a former judgment as res adjudicata in bar of Scott's recovery.

On May 20, 1904, a trial resulted in a judgment in favor of the bank for the amount of the note, and that Scott take nothing as against Slaughter. Scott prosecutes this appeal.

The ·plea of res adjudicata was sustained by the judgment of the lower court, and if this was correct all other assignments of error presented by appellant become immaterial. Omitting the allegations of ·Scott's answer as to the notice of the bank of his defenses to the note at the time it was transferred by Slaughter, Scott, in substance, pleaded that Slaughter claimed to own certain lease contracts with the State of Texas, which Slaughter fraudulently and falsely represented were valid and subsisting and which would continue in force, if the annual rentals were paid until March 1, 1910. There were allegations as to Slaughter representing he owned certain fencing around said land, etc., which representations were·false. That influenced by said representations he purchased said lease from said Slaughter in consideration of $25,000, he paying to said Slaughter $5,000 in cash and executing his four promissory notes for $5,000 each and delivering same to said Slaughter. That he had paid three of said notes, and the one in suit was the only one outstanding. That at the time of the transfer of said leases to him he was not advised that leases were void and of no force, nor as to the facts of said improvements. That after the transfer and after paying said three notes, the Supreme Court in Ketner v. Rogan, 95 Texas, 559, held leases of this character absolutely void. That Scott believed said leases were valid, and that the acceptance of said lease was either the result of a mutual mistake upon the part of Slaughter and appellant, or the result of a mistake on the part of appellant, caused by the fraud of Slaughter.

It was further alleged that when the case of Ketner v. Rogan, 95 Texas, 559, was decided by the Supreme Court, all of the rentals which had become due on the ten year lease mentioned had been paid up to March 1, 1903, and the money which had been paid for the unexpired period of the year beginning March 1, 1902, was in obedience to the instruction from the Commissioner of the General Land Office, by the Treasurer of Texas, applied to the payment of the rentals which were due upon the various constituent leases which affect the leases covered by said ten year lease, and that thereby said constituent leases were kept in good standing. Thereafter Slaughter, intending by means of his employes to keep said lands and continue to appropriate the benefits of them, procured his son and agent, E. Dick Slaughter, to claim the money which had been paid upon said void lease, instead of having same applied to the constituent leases which went into it, and withdrew the money from the General Land Office and thereby caused a forfeiture of all of said constituent leases, all of which were in the name of C. C. Slaughter upon the books of the Commissioner of the General Land Office of the State of Texas, because the Commissioner had refused to recognize the transfer of a part of said lease to appellant, and said Slaughter had been paying the whole of the rentals to the State, and appellant had been furnishing to him enough money to pay the rentals on the part transferred by Slaughter to him. And then the appellant charged that when said constituent leases were forfeited for the nonpayment of rent, caused by the act of Slaughter, all of said lands were filed upon and appropriated by various persons

claiming to be actual settlers, and the appellant was deprived of the use and benefit thereof, and in apt words charged the amount of his damages. There was a prayer for $50,000 damages against Slaughter.

The record shows that prior to instituting this suit Winfield Scott, appellant herein, brought suit against appellee, C. C. Slaughter, the number of said suit being 22,079. In said suit Scott practically made the same allegations as to fraud practiced by Slaughter in representing the validity of the lease contracts and as to improvements on the land, and his, Scott's, want of knowledge as to the invalidity of said leases and the want of ownership of Slaughter in said improvements. Also the transaction relating to the transfer of said leases by Slaughter to him, and alleged the withdrawal of the money paid on leases from the Commissioner of the General Land Office. Prayer was for judgment cancelling the unpaid $5,000 note sued upon by the bank herein, and, in the event it had been transferred to an innocent purchaser, that he have judgment for the amount thereof. Also judgment for all monies paid to Slaughter, aggregating $22,000, with interest; for judgment for $2,000, wrongfully withdrawn from the state treasury as alleged; for judgment for $20,000 for the wrongs and torts and injuries pleaded, and for relief, both general and special, to which he may be entitled.

Said cause No. 22079 was submitted to the District Court on an agreed statement of facts, in which the transaction of the transfer of the leases was agreed upon, and that Slaughter had withdrawn certain money from the General Land Office. Also that plaintiff and defendant at the time of transfer supposed the leases were valid.

On the trial of the cause judgment was rendered for Slaughter, except as to the money withdrawn from the General Land Office, and as to that, Scott recovered judgment for $1,378.71 against Slaughter. An appeal was taken by Scott to this court and the judgment affirmed April 16, 1904 (4 Texas Law Jour., 499), and said amount was paid by Slaughter. The judgment in the case at bar was rendered May 20, 1904. At the time of the rendition of said judgment the cause No. 22079 had, as far as the record in this case shows, been finally disposed of.

We think there can be no serious controversy about the pleadings in both suits by Scott being practically the same. But it is contended by appellant that by reason of the agreed statement of facts upon which cause No. 22079 was tried, the pleadings therein were eliminated, and thereby the issue of fraud was eliminated, and the court erred in admitting said pleadings in evidence.

If it be conceded that this contention of appellant is correct and that the pleading can not be considered, which we are not prepared to do, the error was harmless. We think, under the agreed statement of facts in said case, the issue whether or not Scott was entitled to recover of Slaughter the money he had paid for the lease, as well as the amount of the unpaid note, was raised. Also the issue as to right of recovery as to the amount Slaughter had withdrawn from the General Land Office. Scott did recover in the District Court the amount of money withdrawn from the General Land Office. In fact Slaughter made a tender of it in court, and the only issue remaining for which an appeal would lie

was on the proposition that Scott was entitled to a verdict for the amount of the consideration given for a transfer of the leases.

Scott having brought suit to recover from Slaughter on the identical transaction which is alleged in this suit, and judgment rendered against him, he is not entitled to another action in order to obtain relief from paying the note. The judgment in suit 22079 established the absolute validity of the note and was a complete bar to any action against Slaughter for damages.

It is also insisted that the bank not having been a party to suit No. 22079, the plea of res adjudicata has no application. Had the bank failed to recover against Scott, Slaughter would have been responsible to the bank for the amount of the note. Slaughter having been a party to this suit and having defeated Scott's defense against the note by interposing the judgment in bar, it inured to the bank's benefit by removing all obstacles to a recovery.

Believing the judgment was a complete bar to appellant's defense, it is unnecessary to discuss other points raised and the judgment is affirmed.

*Affirmed.*

Writ of error refused.