### CRESSLER v. BROWN et al.

No. 9741—Opinion Filed Sept. 7, 1920.

(Syllabus by the Court.)

**1. Bills and Notes—Indorsement of Note Without Recourse—Effect.**

Under the Negotiable Instruments Law (section 4088, Rev. Laws 1910), the indorsement of a promissory note, without recourse, is a qualified indorsement, constituting the indorsee a mere assignee of the title to the instrument.

**2. Same—Warranty of Indorser.**

Under the Negotiable Instruments Law (section 4115, Rev. Laws 1910), the indorser without recourse warrants (1) that the note is genuine and in all respects what it purports to be; (2) that he had a good title to it; (3) that the makers had capacity to contract; and (4) that the indorser has no knowledge of any fact which would impair the validity of the instrument or render it valueless.

**3. Same.**

The indorsement without recourse by the payee of a negotiable promissory note contains as a term thereof, with the same force and effect as if expressly written therein, the statutory warranty on the part of the indorser, "That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless."

**4. Same.**

The indorsement of a promissory note without recourse, known to the indorser at the time the note was executed or at the time it was indorsed to be invalid for want of consideration, renders the indorser liable to the indorsee for a breach of warranty.

**5. Same.**

The indorsement of a negotiable promissory note without recourse does not impair the negotiable quality of the paper.

**6. Same—Note Worthless Through Fault of Indorser—Liability of Indorser to Indorsee.**

While an indorser without recourse neither warrants payment nor binds himself to pay, nevertheless, if judgment for the amount of the note is defeated by the maker on the ground that the indorser, as payee, obtained it by fraud or without consideration, the assignee under such qualified indorsement may recover from the indorser the amount paid by him, with interest thereon, the indorser being estopped by the former judgment, provided he had notice of the former suit and an opportunity to control the proceedings.

**7. Judgment—Res Judicata.**

A former judgment cannot be relied upon in support of a plea in bar unless the former suit in which the judgment was rendered was based on the same cause of action upon which the latter suit is based.

**8. Same—Matters Concluded.**

A judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies on the same cause of action so long as the judgment remains unreversed. And this is true because the cause of action and all defenses made or which might have been made are merged in the judgment. The former judgment in a suit between the same parties or their privies, involving the same cause of action set forth in the second suit, is conclusive not only as to all matters actually litigated and determined in the former action, but conclusive on the parties and their privies as to all matters germane to the issues which could or might have been litigated and availed of by the parties. The cause of action thus being merged in the former judgment, the parties and their privies are precluded in a subsequent suit, involving the same cause of action, from availing themselves of any point of law or fact, irrespective of whether or not it was relied upon or passed upon in the former case, and it makes no difference whether the law or fact of which the parties may have availed themselves was actually discussed, considered, or adjudicated by the court. The cause of action is destroyed in its entirety. It is ended and terminated, irrespective of the facts or legal propositions considered by the court rendering the judgment.

**9. Same—"Parties Privy to Judgment."**

But a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, although the subsequent suit is on a different cause of action, and a plea setting up the former adjudication of a fact, right, or question distinctly put in issue between the same parties or their privies is not a plea in bar, but a plea of estoppel by judgment. Identity of causes of action is not a necessary element in the plea of estoppel by judgment, but it is necessary that the point upon which the plea of estoppel by judgment is based be in issue in the latter case and was in issue and decided in the former.

**10. Same.**

Where a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right, or question is binding on the parties and their privies in a subsequent suit, irrespective of whether or not the causes of action are the same.

**11. Same.**

While a party cannot by varying the form of action, or adopting a different method of presenting his case, escape the operation of the principle that one and the same cause of action shall not be twice litigated between the same parties and their privies, the judgment operating as a merger or destruction of the action, and while every ground of recovery or defense germane to the cause of action is concluded by the judgment, whether or not actually presented to the court rendering the judgment, the plea that the parties and their privies are estopped to relitigate an adjudicated fact, right or question, settled by the former decision, involves an inquiry into the question as to whether that exact fact, right or question was presented to the court and adjudicated—not whether it might have been presented.

**12. Same.**

Where the second action between the same parties or their privies is upon a different claim or demand, the judgment in the former action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding, verdict, or judgment was rendered, and where it is sought to apply the estoppel of a former judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry always is this: Is the point, question, or fact put in issue in the latter case, the point, question, or fact actually litigated and determined in the former or other action, and not what might have been litigated and determined in the original action.

**13. Same.**

The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict, or findings.

**14. Same.**

The general rule is that estoppel by judgment must be mutual.

**15. Judgment—Parties Concluded.**

The general rule is that, no one, except the parties and their privies, is bound by a judgment.

**16. Same—"Parties Privy to Judgment."**

The general rule is that a party is not privy to a judgment involving property or a right, unless he acquires his interest either after the suit is brought in which the title or right is involved, or after the judgment was rendered.

**17. Same—Bills and Notes—Action by Maker of Note Against Indorser—Conclusiveness of Judgment as to Indorsee Without Recourse.**

The assignee of a promissory note, acquiring title from the payee under an indorsement without recourse, is neither concluded nor estopped by a judgment rendered in a suit commenced by the maker of the note against the payee after the assignee acquired title to the note. The indorser without recourse of a negotiable promissory note, being a warrantor that the instrument is genuine, in all respects what it purports to be, that he has a good title to it, that all prior parties had capacity to contract, and that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless, and therefore responsible over to his indorsee for breach of such warranty, has capacity to litigate with the maker of the note the issue as to whether or not he, as payee, obtained the execution of said note without consideration or by means of fraud.

**18. Same—Res Judicata—Estoppel of Maker of Note by Judgment.**

The maker of a negotiable promissory note, indorsed without recourse by the payee, is estopped by the judgment rendered in a former action commenced by him against the indorser, to litigate with the indorsee the same questions decided in the former suit, and this is true although the indorsee acquired title to the note before the former suit was commenced and was not a party thereto.

**19. Same.**

Mutuality in a plea of estoppel by former judgment of a court of competent jurisdiction is not essential where the party against whom the plea is filed has litigated the same right, fact, or question in a former suit with another party responsible over to the party filing the plea of estoppel by former judgment; and this is true, although the party filing the plea was not a party to the former

suit, acquired his interest in or title to the property before the commencement of the former suit, and is not estopped by the former judgment.

**20. Quieting Title—Parties Plaintiff— Warrantor.**

A warrantor has sufficient interest upon which to base a suit in his own name to quiet the title of his grantee.

**21. Bills and Notes—Action by Indorsee Against Maker—Defenses.**

The maker of a promissory note cannot, in an action brought against him by the indorsee or assignee thereof, litigate questions that can properly arise only between the holder and his immediate indorser. And this being true, the maker cannot defeat a recovery of judgment in favor of the indorsee on the ground that the indorsee paid the indorser no consideration for the note.

**22. Judgment—Parties Concluded — Assignor and Grantor.**

Where a party assigns or conveys a contract, mortgage, or property, to another party for the purpose, secret or announced, of having the validity of the contract or the title litigated in the name of the assignee or grantee, the grantor or assignor, the real party in interest, is concluded by a judgment rendered for or against his assignee or grantee, and estopped thereby from relitigating the same issues with his adversary, and it makes no difference whether suit was commenced by the party holding the title for the purpose of litigation or commenced against him, as the authority to sue implies the authority to defend.

**23. Same—Former Action Against Agent for Wrongs—Conclusiveness of Judgment as to Principal.**

If an alleged cause of action against the principal is based exclusively upon the alleged wrongful conduct, acts, and doings of the principal's agent, and a court of competent jurisdiction in a former suit against the agent, to which the principal was not a party, decided there was no wrong or act done by the agent giving the plaintiff a cause of action, and consequently that no cause of action ever existed, the plaintiff in the former suit against the agent will not be permitted to relitigate the same fact, question, or right with the principal.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by Estella S. Starkweather against Fred Brown, Mary Brown, C. W. Cressler, and others to recover on promissory note and foreclose real estate mortgage. Judgment for plaintiff, and cross-defendant Cressler, a junior mortgagee, filed a plea of res judicata, to which cross-defendants Brown filed demurrer. Judgment of the trial court sustaining the demurrer to the plea of res judicata, and Cressler brings error. Reversed.

On December 8, 1913, Estella S. Starkweather commenced this action in the district court of Blaine county against Fred Brown, Mary Brown, C. W. Cressler, and G. J. Bader, to foreclose two real estate mortgages and recover on two notes executed by Fred Brown and Mary Brown June 1, 1911, to the Boardman Land & Loan Company. She alleges that she is the owner of the notes and mortgages and that defendant C. W. Cressler is the owner of a junior mortgage executed by the same defendants on the same land. On January 14, 1914, judgment was entered in her favor for the principal and interest of the notes and the foreclosure of the mortgages, said judgment reciting that it was rendered in favor of the plaintiff "without prejudice to the right of the defendants to litigate the issues in said action as between themselves, and without prejudice to the rights of the defendant C. W. Cressler to recover whatever judgment he may be entitled to, and to foreclose his lien on the real estate described, subject to the judgments herein rendered in favor of the plaintiff and to the mortgage liens of the plaintiff on said real estate." The land was sold and the sale confirmed on January 10, 1916. The amount realized from the sale exceeded the principal, interest, and costs by $3,911.38, which, under stipulation of counsel, was deposited by the sheriff with the clerk of the court awaiting a final decree adjudging the rights between Fred and Mary Brown on the one hand, and C. W. Cressler, junior mortgagee, on the other hand. On December 18, 1913, C. W. Cressler filed his answer and cross-petition, in which he alleges that Fred and Mary Brown, for a valuable consideration, executed to E. E. Cressler, on June 1, 1911, their certain promissory note in the sum of $4,500, payable to the order of E. E. Cressler three years after date; that said note is secured by a mortgage executed by Fred and Mary Brown on a part of the land involved; and that on the 15th day of June, 1911, E. E. Cressler, for a valuable consideration, duly indorsed said note to C. W. Cressler, without recourse. On January 5, 1914, Fred and Mary Brown filed their answer and cross-petition to the cross-petition of C. W. Cressler, in which they allege that on or about October 15, 1908, being financially embarrassed, they entered into a transaction with E. E. Cressler, whereby they turned over to him certain assets, to be administered by him in liquidating their indebtedness; that they entered into the arrangement with E. E. Cressler and John Fisher, whereby Cressler and Fisher were to settle with their various creditors, and that for the purpose of misleading and defrauding their creditors certain fictitious notes were executed by them to E. E. Cressler in order

to make it appear to their creditors that their indebtedness far exceeded their assets, the purpose of this being to enable E. E. Cressler to settle with their creditors for less than 100 cents on the dollar; that Cressler and Fisher took possession of their stock of goods and other property; and that they executed the $4,500 note and mortgage described in C. W. Cressler's answer and cross-petition to E. E. Cressler to enable him and said John Fisher to settle with creditors. They also ask that E. E. Cressler be made a party, and that said note be declared null and void and held for naught, and that C. W. Cressler have no judgment against them. They allege that E. E. Cressler had been unfaithful to his trust as their representative, and that said $4,500 note was in fact without consideration. E. E. Cressler appeared and filed a motion to strike out said answer and cross-petition in so far as he was concerned. The court on September 25, 1015, dismissed their cross-action against E. E. Cressler. On the 20th day of May, 1915, C. W. Cressler filed an amended and supplemental answer and cross-petition. On October 25, 1915, Fred and Mary Brown filed an amended answer to the answer and cross-petition of C. W. Cressler, in which they allege that C. W. Cressler is not the owner and holder of said promissory note and mortgage; that said note and mortgage were not assigned and transferred to C. W. Cressler by E. E. Cressler for anything of value; and that E. E. Cressler is in reality the owner and holder of said note and mortgage. They further allege in a separate paragraph that if C. W. Cressler is the owner and holder of said note and mortgage, he is not an innocent purchaser for value, before maturity; that long before he acquired the note and mortgage he had knowledge of the purposes for which said promissory note and mortgage were executed by them; that E. E. Cressler was the duly authorized agent and representative of C. W. Cressler, who at all times had full and complete information and notice of the conditions and purposes for which said note and mortgage were executed; that E. E. Cressler, while acting in his own name in said transactions, was really acting as agent and representative of C. W. Cressler, and that in the transactions in the name of E. E. Cressler, C. W. Cressler was the principal and real party in interest; that E. E. Cressler and Fisher, in a purported settlement of a controversy with them, growing out of the administration of their assets by E. E. Cressler, prevailed upon them by misrepresentation to execute said $4,500 note and mortgage. Briefly, in support of this theory, the substance of their allegations is that C. W. Cressler was the principal and E. E. Cressler was the agent in all the wrongful

transactions between them and E. E. Cressler, and that there was no consideration for said $4,500 note and mortgage. They pray that C. W. Cressler take nothing in the action, and that said note and mortgage be canceled and held for naught. On the 15th day of May, 1917, C. W. Cressler filed an amended and supplemental answer to the cross-petition of Fred and Mary Brown, in which he alleges that on October 1, 1915, Fred Brown commenced an action in the district court of Blaine county, against E. E. Cressler and John C. Fisher, to recover damages in the sum of $25,000 for maladministration of their affairs; that said case was removed to the federal court, where E. E. Cressler and John C. Fisher, on May 23, 1916, filed their amended answer, in which E. E. Cressler denied the allegations in plaintiff's petition and pleaded a full settlement of all matters in controversy between them and said Fred Brown; that E. E. Cressler averred that in said settlement and as a part thereof, and as a consideration therefor, Fred and Mary Brown executed the $4,500 note and mortgage in question, and that it was supported by a valuable consideration; that Fred Brown filed a reply denying these allegations; that said case proceeded to judgment in favor of E. E. Cressler; that on the issues joined, the consideration and validity of said note and mortgage being put in issue, the federal court found in a final decree, unappealed from, that said Fred Brown executed said $4,500 note and mortgage for a valuable consideration, and dismissed his suit. The record shows that the very matters litigated in the federal court case are now sought to be re-litigated by Fred and Mary Brown with C. W. Cressler. Thus, it will be seen that at the time Fred Brown commenced his suit which was removed to the federal court, and finally decided, he was involved in this very litigation now on appeal to this court, and that he knew that C. W. Cressler was the owner of said $4,500 note and mortgage. Fred and Mary Brown filed a demurrer to the plea of res judicata or estoppel filed in this case by C. W. Cressler. C. W. Cressler brings the case here to reverse the judgment sustaining the demurrer to his said plea.

Dale & Bierer and Seymour Foose, for plaintiff in error.

J. P. Wishard, for defendants in error.

RAMSEY, J. (after stating the case). 1. Under the Negotiable Instruments Law, section 4088, Rev. Laws 1910, the indorsement of the note by E. E. Cressler to C. W. Cressler, without recourse, is a qualified indorsement, and made C. W. Cressler a mere assignee of the title. Such qualified indorsement, under section 4115, Rev. Laws 1910,

made E. E. Crossler a warrantor that (1) said note is genuine and in all respects what it purports to be; (2) that he had a good title to it; (3) that the makers had capacity to contract; and (4) that he, E. E. Cressler, had no knowledge of any fact which would impair the validity of the instrument or render it valueless. Section 4115, Rev. Laws 1910, is a statutory declaration of the general rule. Some of the implied warranties which arise at common law on the sale of goods and chattels apply to the sale of commercial paper. Meyer v. Richards, 163 U. S. 386, 41 L. Ed. 199. C. W. Cressler's plea of estoppel by judgment, construed in connection with the pleadings and judgment in the federal court, attached as exhibits, to all of which reference is proper (McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029; James v. Germania Iron Co., 107 Fed. 610), shows that the alleged invalidity of the note and its alleged want of consideration were personally known to E. E. Cressler. If E. E. Cressler obtained the note without consideration, and then assigned it, as alleged, to C. W. Cressler for a valuable consideration, indorsing it, "without recourse," when as a fact said note was without consideration, E. E. Cressler is responsible to C. W. Cressler for breach of warranty. An indorsement "without recourse" by the payee of a negotiable promissory note contains as a term thereof, with the same force and effect as if expressly written therein, the statutory warranty on the part of the indorser "that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless." If there was no consideration for the note, E. E. Cressler, according to the plea, had knowledge of its want of consideration, and with that knowledge assigned it to C. W. Cressler for a valuable consideration. If that be true, E. E. Cressler was guilty of a legal fraud. Such being the case, C. W. Cressler (by notifying E. E. Cressler of the defense of no consideration in any suit which might arise between him, as indorsee, and Fred Brown, as maker) could recover from E. E. Cressler the consideration paid by him for the assignment of the note, in the event the maker obtained a judgment in his favor. But the indorser would not be further bound by his warranty unless he had notice of the suit against or by the maker, and an opportunity to defend. Ewing v. Sills, 1 Ind. (Cort.) 125; City of St. Joseph v. Union R. Co. (Mo.) 38 Am. St. Rep. 626. Under section 4115, Rev. Laws 1910, as well as the nonstatutory law on the subject, E. E. Cressler, upon assigning the note to C. W. Cressler for a valuable consideration, warranted that the note was not invalid for the want of consideration. This question is fully discussed by the Illinois Supreme Court in Drennan v. Bunn, 124 Ill. 175, 7 Am. St. Rep. 354. See, also, Daniel on Negotiable Instruments (6th Ed.) vol. 1, sec. 670; Rumley v. Dollarhide, 86 Ill. App. 476; Cressey v. Kimmel, 78 Ill. App. 27; Challis v. McCrum, 22 Kan. 157, 31 Am. Rep. 181; State Exchange Bank v. National Bank of Commerce, 70 Oklahoma, 174 Pac. 796; Watson v. Chesire, 18 Iowa, 202, 87 Am. Dec. 382; Ware v. McCormack, 16 Ky. L. 385, 28 S. W. 157; Seeley v. Reed, 28 Fed. 164; 8 C. J. 396. An indorsement without recourse does not impair the negotiable quality of the paper. Section 4088, Rev. Laws 1910. It transfers the title without rendering the indorser personally responsible on the paper. While an indorser without recourse neither warrants payment nor binds himself to pay, nevertheless, if judgment for the amount of the note is defeated by the maker on the ground that the indorser, as payee, obtained it by fraud or without consideration, the assignee may recover from the indorser the consideration paid by him, with interest thereon. 8 C. J., p. 377; Sneed v. Hughes, 14 Ga. 542.

2. The alleged plea of res judicata cannot be sustained as a plea in bar, but it is a sufficient plea of estoppel by judgment. The judgment relied upon in the plea was not rendered in a case involving the same cause of action presented in this case. A former judgment cannot be relied upon in support of a plea in bar, unless the former suit was based on the same cause of action upon which the latter suit is based. A judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies upon the same cause of action, so long as the judgment remains unreversed. The cause of action and all defenses made, or which might have been made, are merged in the judgment, and the plea of res judicata in that kind of a case is a plea in bar. Black on Judgments (2nd Ed.) vol 2, secs. 504, 506, and 673. Where the former judgment in a suit between the same parties or their privies, involving the same cause of action set up in the second suit, is pleaded in bar, the former judgment is conclusive not only as to all matters actually litigated and determined in the former action, but conclusive on the parties and their privies as to all matters germane to the issues which could or might have been litigated and availed of by the parties. The cause of action is merged in the former judgment, and that being true, the parties and their privies are precluded in a subsequent suit involving the same cause of action from availing themselves of any point of law or fact, irrespect-

ive of whether or not it was relied upon or passed on in the former case, and it makes no difference whether the law or facts of which the parties may have availed themselves were actually discussed, considered, or adjudicated by the court. All is merged into the judgment. The cause of action is destroyed in its entirety. The cause of action is ended and terminated, irrespective of the facts or legal propositions pleaded and considered by the court rendering the judgment. Black on Judgments (2nd Ed.) vol. 2, secs. 673 and 506. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Baker v. Leavitt, 54 Okla. 73, 153 Pac. 1100; Norton v. Kelly, 57 Okla. 222, 156 Pac. 1164; E. Walker D. G. Co. v. Smith, 69 Oklahoma, 160 Pac. 898; Dill v. Flesher, 73 Oklahoma, 175 Pac. 359. But a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, although the subsequent suit is on a different cause of action. A plea setting up the former adjudication of a fact, right, or question distinctly put in issue between the same parties or their privies is not a plea in bar, but a plea of estoppel by judgment. With respect to estoppel, the identity of the two causes of action, the first and the subsequent, is not necessary. If the former judgment is offered as evidence on a particular point, it is immaterial that the causes of action in the two suits are different, but it is necessary that the point should have been in issue in both suits and decided in the former. Where a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right, or question, is binding on the parties and their privies in a subsequent suit, irrespective of whether or not the causes of action are the same. Southern Pacific R. Co. v. U. S., 168 U. S. 1, 42 L. Ed. 355; Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 244; Estill County v. Embry, 112 Fed. 882; Johnson v. Gillett, 66 Oklahoma, 168 Pac. 1031; Fitch v. Stanton, 190 Fed. 310; Black on Judgments (2nd Ed.) vol. 2, sec. 506; Barcliff v. Norfolk-Southern R. Co. (N. C.) 96 S. E. 644; Mann v. Mann (N. C.) 97 S. E. 175. The distinction between a judgment as a bar and an estoppel by judgment to again litigate a right, question, or fact formerly adjudicated between the same parties or their privies, irrespective of whether the causes of action are the same, is pointed out and discussed by Mr. Justice Fields in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. See, also, McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029;

Fuller v. Metropolitan Life Insurance Co., 68 Conn. 55, 57 Am. St. Rep. 84. While a party cannot by varying the form of action, or adopting a different method of presenting his case, escape the operation of the principle that one and the same cause of action shall not be twice litigated between the same parties and their privies, the judgment operating as a merger or destruction of the action (Mann v. Mann [N. C.] 97 S. E. 175; Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523; Black on Judgments [2nd Ed.] vol 2, sec. 729), and while every ground of recovery or defense germane to the cause of action, whether or not actually presented to the court rendering the judgment, is concluded by the judgment, the plea that the parties and their privies are estopped to relitigate an adjudicated fact, right, or question settled by the former decision in a case involving a different cause of action, involves an inquiry into the question as to whether that exact fact, right, or question was presented to the court and adjudicated—not whether it might have been presented. A judgment is a judicial determination either that no cause of action existed or that no defense existed, and when properly presented as a plea in bar to another suit involving the same cause of action, it constitutes conclusive evidence either that no cause of action or no defense ever existed. The facts, circumstances, and legal principles considered by the court rendering the judgment cannot be inquired into, and for that reason it is immaterial whether the plaintiff or defendant availed himself of all the facts, circumstances, and legal principles or defenses germane to the issues. Fuller v. Metropolitan Life Ins. Co., 68 Conn. 55, 57 Am. St. Rep. 84. But where the second action between the same parties or their privies is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding, verdict, or judgment was rendered. And where it is sought to apply the estoppel of a former judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry always is this: Is the point or question or fact put in issue in the latter case the right or question or fact actually litigated and determined in the former or other action, and not what might have been litigated and determined in the other action. Deming Inv. Co. v. Shannon, 62 Okla. 277, 162 Pac. 471; McCurry v. Sledge, 48 Okla. 27, 149 Pac. 1124; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029; Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224; DeWatteville v. Simms, 44 Okla. 708, 146 Pac. 224; James v. Germania Iron Co.,

107 Fed. 598. The fact or question as to whether or not the $4,500 note and mortgage were without consideration was adjudicated by the United States Court, and the only question left for us to consider is whether or not C. W. Cressler, not having been a party to that suit, can take advantage of that judgment. The general rule is that an estoppel by judgment must be mutual. Black on Judgments (2nd Ed.) vol. 2, sec. 548; United States v. California Bridge Co., 245 U. S. 340; Village Mills Co. v. Houston Oil Co. (Tex. Civ. App.) 186 S. W. 785; Elliott v. Morris (Tex. Civ. App.) 121 S. W. 209; Cook v. Lasher, 73 Fed. 701; Purcell v. Victor Power & Mining Company (Cal.) 156 Pac. 1009; Cheshire Nat. Bank v. Jaynes (Mass.) 112 N. E. 500; Sim v. Bishop (Ky.) 197 S. W. 626. It is also the general rule that no one, except the parties and their privies, is bound by a judgment. C. W. Cressler purchased this note and mortgage long before Fred Brown commenced the suit resulting in the federal court decree. C. W. Cressler was not a party to the suit or the judgment, nor does it appear that he had any notice of the suit. As a general rule, a party is not privy to a judgment involving property or a right, unless he acquired his interest either after the suit is brought in which the title or right is involved, or after the judgment is rendered. Bank of Italy v. Burns (Nev.) 159 Pac. 863; Freeman on Judgments (4th Ed.) vol. 1, sec. 162; Village Mills Co. v. Houston Oil Co. (Tex. Civ. App.) 186 S. W. 785; 23 Cyc. 1153; Black on Judgments (2nd Ed.) vol. 2, sec. 549; Sills v. Ford (N. C.) 88 S. E. 636; Carroll v. Goldschmidt, 83 Fed. 508. C. W. Cressler, not having been a party to the federal court case, is not estopped by that judgment, and if the court had rendered a decree in favor of Fred Brown and against E. E. Cressler, adjudging the note and mortgage invalid for want of consideration, C. W. Cressler would not be estopped to relitigate the same questions. Blackwell v. McCall, 54 Okla. 96, 153 Pac. 815; Columbia Ave. Sav. Fund, Safety Deposit Title & Trust Co. v. Dawson, 130 Fed. 152; Welch v. Farmers' Loan & Trust Co., 165 Fed. 561; National Foundry & Pipe Works v. O'Conto Water Supply Co., 113 Fed. 793; Farmers' Loan & Trust Co. v. Meridian Waterworks Co., 139 Fed. 661; Black on Judgments (2nd Ed.) vol. 2, secs. 551 and 555; Chapek v. Jurgensen (Kan.) 162 Pac. 1165; Mitchell v. Lyons (Wis.) 158 N. W. 70; McInnis Lumber Co. v. Rather (Miss.) 71 South. 264; Cox v. Brown (Ala.) 73 South. 964. Black on Judgments (2nd Ed.) vol. 2, sec. 549, in discussing what constitutes privity, says:

"If a person is bound by a judgment as a privy to one of the parties, it is because he has succeeded to some right, title, or interest of that party in the subject-matter of the action, and not because there is privity of blood, law, or representation between them, although privity of the latter sort may also exist."

Privies in estate or title are only bound in relation to the property involved in the suit. Hart v. Moulton (Wis.) 76 Am. St. Rep. 881. It is clear that no such privity existed between E. E. Cressler and C. W. Cressler so as to make C. W. Cressler a privy to the judgment. This is true because C. W. Cressler succeeded to the rights of E. E. Cressler prior to the commencement of the suit resulting in the federal court judgment now relied upon as an estoppel. The general rule that one cannot rely upon a judgment as an estoppel unless he is estopped by the judgment himself is not without its exception. We realize some authorities lay the rule down in broad language that the estoppel by judgment must be mutual. It is well settled that one not a party to a suit is bound and estopped by a judgment rendered in a suit of which he had notice, involving the title to property he has warranted, or claim he has contracted to defend. Thus, a warrantor, not a party, is bound by a judgment against his grantee, where the warrantor was notified by the warrantee to defend the case. Where one is responsible over to another in the event the other's title is defeated, it is the warrantor's duty to defend the case, and if he is notified and requested to defend the suit and fails to defend, he is still bound by the judgment and estopped to litigate the issues adjudicated thereby. It is pretty well settled that when a person is responsible over to another, either by express contract or by operation of law, and notice has been given him of the pendency of the suit, and he has been requested to take upon himself the defense, he is no longer regarded as a stranger to the judgment that may be recovered. When notice is thus given, the judgment, if free from fraud and collusion, will be conclusive against him whether or not he appeared. If Fred Brown had sued C. W. Cressler to cancel the note for want of consideration, and C. W. Cressler had notified E. E. Cressler to defend the case, and the judgment had been rendered in favor of Fred Brown and against C. W. Cressler, E. E. Cressler would have been concluded by the judgment and responsible to C. W. Cressler for the amount of the consideration paid by the latter for the note and mortgage. Undoubtedly there is privity existing between C. W. Cressler and E. E. Cressler in the sense that E. E. Cressler would have been bound by such a judgment whether or not he actually became a party to the suit, and

he would have been responsible over to C. W. Cressler for the amount of the consideration received. Black on Judgments (2nd Ed.) vol. 2, secs. 567 to 574, inclusive; City of St. Joseph v. Union R. Co. (Mo.) 38 Am. St. Rep. 626; Littleton v. Richard, 34 N. H. 179, 66 Am. Dec. 759; Drennan v. Bunn, 124 Ill. 175, 7 Am. St. Rep. 354. Fred Brown has had his day in court with a party who, on account of his interest, being responsible over to C. W. Cressler for a breach of the warranty, was competent to litigate the issue as to the want of consideration and the validity of the note and mortgage. A grantor by a deed containing a warranty of title has sufficient interest upon which to base a suit in his own name to cancel a lease or other cloud on the title of his grantee. Riner v. Mackay, 35 Fed. 86; Jones v. Nixon (Tenn.) 50 S. W. 740; Jackson Milling Company v. Scott (Wis.) 110 N. W. 184; Pier v. Fon du lac County (Wis.) 10 N. W. 686; Ely v. Wilcox, 26 Wis. 91; Chamberlin v. Schlichter, 12 Minn. 279; Owen v. Paul, 16 Ala. 130; Manis v. Brown, 4 N. Y. 403; Sutliff v. Smith (Kan.) 50 Pac. 455; Styer v. Sprague (Minn.) 65 N. W. 659; Begole v. Herskley (Mich.) 48 N. W. 790. And these cases, notably Sutliff v. Smith, supra, and Pier v. Fon du lac County, supra, hold that possession by the grantor is not necessary. If C. W. Cressler as the owner of the note and mortgage cannot rely upon the judgment in Brown v. E. E. Cressler—the federal court case—as an estoppel, then the policy of the law upon which the plea of former judgment or estoppel by judgment is based will be defeated. The plea of res judicata is based upon public policy, and it is imbedded in the jurisprudence of every civilized nation. Black on Judgments (2nd Ed.) vol. 2, secs. 500 to 505, inclusive.

Now, suppose the demurrer to the plea is sustained and Fred Brown obtains a final judgment finding and adjudging the note and mortgage to have been executed without consideration; then C. W. Cressler sues E. E. Cressler for breach of warranty, and seeks to recover as damages therefor the amount of consideration paid by him for the assignment of the note and mortgage; E. E. Cressler could not plead the judgment in the federal court as an estoppel against C. W. Cressler because C. W. Cressler was not a party thereto, and then we would have E. E. Cressler deprived of the benefit of the judgment in the federal court case between him and Fred Brown, although he had litigated the very question with Fred Brown. E. E. Cressler ought not to be called upon to defend the validity and integrity of the note in a second suit with Fred Brown. In Scott v. American National Bank (Tex. Civ. App.) 84 S. W. 445, the court held in a latter case between the indorsee and maker that the maker of the note was estopped by an adverse judgment rendered in a former case he commenced and prosecuted against the payee, although the indorsee of the note was not a party to the former suit and acquired title to the note before the commencement of the prior action. Fred Brown had his day in court and litigated the validity of the note with the payee, a party in interest and responsible over to his indorsee. The judgment rendered in the federal court in favor of E. E. Cressler inured to the benefit of his indorsee, C. W. Cressler, although C. W. Cressler became the assignee of the note before the commencement of that suit, and was not a party thereto. Scott v. American National Bank (Tex. Civ. App.) 84 S. W. 445; Kramer v. Breedlove (Tex.) 3 S. W. 561; Delaney v. West (Tex. Civ. App.) 88 S. W. 275; Powell v. Heckerman (Tex. Civ. App.) 25 S. W. 166; Herman on Res Judicata, sec. 210; Meyer v. Foulkrod, 16 Fed. Cases, No. 9342. From a careful examination of the authorities, we think there is an exception to the rule that the plea of estoppel by judgment must be mutual, and that the exception is this: Mutuality in a plea of estoppel by former judgment of a court of competent jurisdiction is not essential where the party against whom the plea is filed has litigated the same right, fact, or question in a former suit with another party responsible over to the party filing the plea of estoppel by former judgment; and this is true, although the party filing the plea was not a party to the former suit, acquired his interest in or title to the property before the former suit was commenced, and not estopped by the former judgment.

3. Evidently anticipating a plea of estoppel by judgment based on the federal court judgment, Fred Brown and wife in their amended answer and cross-petition against C. W. Cressler allege that the note and mortgage were assigned and transferred to C. W. Cressler by E. E. Cressler, without any consideration; that in the very transaction complained of by Fred Brown in the federal court case, C. W. Cressler was the principal and E. E. Cressler his agent; that "C. W. Cressler acted at all times in the various transactions out of which said promissory note and real estate mortgage were signed, and in the signing of said promissory note and real estate mortgage, by and through his duly authorized agent, and representative, E. E. Cressler." In brief, Brown and wife allege that C. W. Cressler was the undisclosed principal of E. E. Cressler, with whom they dealt. Whether or not C. W. Cressler paid any consideration to E.

E. Cressler for the note and mortgage is wholly immaterial, it being well settled that the maker of a note and mortgage cannot, in an action brought against him by the indorsee or assignee thereof, litigate questions that can properly arise only between the holder and his immediate indorser. Gamel v. Hynds, 34 Okla. 388, 125 Pac. 1115. The answer and cross-petition of Brown and wife, as above suggested, is based on two theories: (1) That the note was without consideration and assigned to C. W. Cressler without consideration and that C. W. Cressler was not a bona fide purchaser. Of course, C. W. Cressler could not occupy the position of a bona fide purchaser of a promissory note indorsed to him without recourse. (2) That E. E. Cressler was the agent and C. W. Cressler the undisclosed principal. It is also alleged that E. E. Cressler assigned the note to C. W. Cressler for the purpose of shutting off the maker's defenses. It is neither alleged nor contended that E. E. Cressler gave the note and mortgage to C. W. Cressler. The import of the answer and cross-petition is that E. E. Cressler put the note and mortgage in the name of C. W. Cressler for the use of E. E. Cressler. Now, if the note and mortgage were assigned to C. W. Cressler without consideration and for the purpose of cutting off the maker's defenses, C. W. Cressler is then no more than trustee of said note and mortgage for the use and benefit of E. E. Cressler, holding the same for the purpose of collection, and prosecuting or defending an action involving their validity. It seems to be well settled that where a party assigns or conveys a contract or a mortgage or property to another person for the purpose, secret or announced, of having the validity of the contract or the title litigated in the name of the assignee or grantee, the grantor or assignor, the real party in interest, is bound by the judgment. He is estopped by the judgment from again litigating the same issues with his adversary. James v. Germania Iron Co., 107 Fed. 598; Ill. Conference, etc., v. Plagge, 177 Ill. 431, 69 Am. St. Rep. 252; Black on Judgments, vol. 2, sec. 538; City of Carthage v. Weesner (Mo. App.) 92 S. W. 178; Cheney v. Patton, 144 Ill. 373, 34 N. E. 416; Garrettson v. Ferrall, 92 Iowa, 728, 61 N. W. 251; Ward v. Clendenning (Ill.) 91 N. E. 1028-32; Hartford Fire Ins. Co. v. King (Tex. Civ. App.) 73 S. W. 71; 23 Cyc. 1160, 1261, 1249; Union Pacific R. Co. v. United States, 67 Fed. 975; Roby v. Eggars (Ind.) 29 N. E. 365; Sanders v. Pack, 87 Fed. 62. It makes no difference whether the suit was commenced by the party holding the title for the purpose of litigation, or commenced against him—the authority to sue implies the authority to defend, as expressly held in City of Carthage v. Weesner (Mo. App.) 92 S. W. 178. If the first theory of Brown and wife, that E. E. Cressler assigned the note and mortgage without consideration to C. W. Cressler, for the purpose of litigating its validity, is correct, but he litigated its validity in his own name with the makers, it seems clear upon the soundest principle that both E. E. Cressler and Fred Brown are estopped by the federal court judgment, because they were parties to it. On that theory E. E. Cressler was the real party in interest and represented himself, although he had assigned the note and mortgage to C. W. Cressler without consideration. We cannot see how the assignment of the note to an assignee, for the purpose of litigating its validity in the name of the assignee, destroys the estoppel by a judgment entered in a case decided for or against the assignor, who was, in fact, the real party in interest. If the note and mortgage still belong to E. E. Cressler, he is certainly entitled to plead estoppel by the federal court judgment. On the other hand, if C. W. Cressler was principal and E. E. Cressler the agent, then whatever wrong was committed was committed by E. E. Cressler in transactions personally conducted by him in behalf of his undisclosed principal. The principal is responsible for the acts of his agent on the legal fiction that the agent is the alter ego of the principal. If an alleged cause of action against the principal is based exclusively upon the alleged wrongful conduct, acts, and doing of the principal's agent, and a court of competent jurisdiction in a former suit against the agent, to which the principal was not a party, decided there was no wrong or act done by the agent giving the plaintiff a cause of action, and consequently that there was no cause of action, the plaintiff in the former suit against the agent will not be permitted to relitigate the same fact, question, or right with the principal. If E. E. Cressler was the agent for C. W. Cressler in all the transactions set up in the federal court case, then Fred Brown, if he had had any cause of action growing out of those matters, could have sued both E. E. and C. W. Cressler, as both were responsible. Neither the plaintiff nor the principal is bound by a judgment rendered for or against the agent in a transaction in which the agent took no part, nor is a judgment against an agent with respect to the property, business, and affairs of his principal ordinarily binding on the principal unless the principal is a party to the suit. There is no such privity between the agent and his principal as makes the principal a privy to any judgment rendered against the agent. Mechem on Agency (2nd Ed.) vol. 2, sec. 2141. A judgment against

one wrongdoer, one joint tort-feasor, is not binding upon the other tort-feasors unless they were parties to the suit. But this case is not like a case where suit is commenced and prosecuted against an agent in regard to a transaction with which the agent had nothing to do. The transaction alleged in this case was conducted in person by E. E. Cressler on behalf of the alleged principal, and if any wrong was done, E. E. Cressler did it. In other words, if Fred Brown had any cause of action against C. W. Cressler in regard to the note and mortgage, it grew out of the wrongful conduct of E. E. Cressler, the alleged agent. The pleadings bring this case under the rule announced in Callahan v. Graves, 37 Okla. 503, 132 Pac. 474, 46 L. R. A. (N. S.) 35. If E. E. Cressler was acting for C. W. Cressler in obtaining the note and mortgage, the judgment in the case commenced and prosecuted by the maker of the note and mortgage against E. E. Cressler, on the ground that E. E. Cressler obtained the note without consideration and by fraud, is binding on the maker and he is estopped by that judgment to relitigate that question in a subsequent action commenced against him by C. W. Cressler involving the same question. Mechem on Agency (2nd Ed.) vol. 2, secs. 2141 and 2142, and authorities; Pilman v. Campbell, 7 Mo. App. 564; Emma, etc., Co. v. Emma, etc., Co., 7 Fed. 401; Williford v. Kansas City, M. & B. R. Co., 154 Fed. 514. Callahan v. Graves, supra, was not overruled by Chicago, R. I. & P. R. Co. v. Brook, 72 Oklahoma, 179 Pac. 924. In that case, suit was commenced against the railroad and certain employes whose alleged conduct constituted the cause of action against the railroad as the principal. Judgment was rendered in favor of the employes and against the railroad. The railroad appealed to this court, making its employes and the plaintiff defendants in error. The judgment in favor of the plaintiff against the railroad and in favor of the defendant employes was reversed, but when the case came on for trial the second time in the district court, the plaintiff dismissed as to the employes and prosecuted the suit against the railroad. This court held that the former judgment, reversed and vacated on appeal, could not be relied upon as res judicata. The allegations of agency do not avoid the effect of the former judgment in Brown v. E. E. Cressler. That was a suit for $25,000 damages growing out of the very transactions now alleged by Brown to have been conducted by E. E. Cressler as agent for his undisclosed principal, C. W. Cressler. The validity of the note and mortgage involved in this case was an issue in that case, and their validity sustained by the federal court judgment. If the note and mortgage

were not valid, their invalidity was occasioned by the wrongful conduct of E. E. Cressler, acting either for himself or as agent for his undisclosed principal. A court of competent jurisdiction, in a suit in which Fred Brown was plaintiff, and the alleged agent defendant, adjudicated all the questions involved in this case. Brown had his day in court, and is estopped by that judgment. That C. W. Cressler was neither a party to nor bound by the judgment in the federal court case, is of no concern to Fred Brown in any aspect of the case.

4. Mary Brown was not a party to the suit in the federal court, and the judgment cannot be pleaded as an estoppel against her. But no judgment is asked against her on the note, and whether she had any interest in the land sufficient to make her a necessary party to the mortgage does not clearly appear. Unless she had some interest in the land mortgaged to secure the note, homestead interest, or some legal or equitable title other than the remote interest every wife has in her husband's property, which is not a legal or equitable estate or interest in law, she is not a necessary or indispensable party to a foreclosure decree. Of course, if she had a homestead interest, she is an indispensable party and is not bound by the judgment in the federal court case. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. Whether she has any homestead interest, or legal or equitable title to or in the land, or any part thereof, are matters which may be inquired into and disposed of on the merits, if properly set up.

The judgment of the trial court is reversed and the cause remanded.

HARRISON, V. C. J., and KANE, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.